MABEL V. METCALF, Respondent, v. STANLEY W. METCALF, Appellant.

First Department, March 14, 1949.

*George P. Halperin* of counsel (*Bernard S. Barron* and *Leon Dicker* with him on the brief; *Barron, Rice & Rockmore,* attorneys), for appellant.

*Jesse Hemley* of counsel (*Leo J. Rosett* with him on the brief; *House, Grossman, Vorhaus & Hemley,* attorneys), for respondent.

Dore, J. The issue presented is the sufficiency of a complaint in which plaintiff, defendant's former wife, sues defendant to compel him to reimburse her for all Federal and State income taxes paid by her on sums she received under a post-nuptial property settlement agreement made between the parties while they were husband and wife.

In the first cause of action based on the written agreement made in 1934, plaintiff alleges defendant agreed to pay her $15,000 a year *net* after payment of all income taxes; and demands that defendant reimburse her for $46,599.65 Federal and State income taxes paid by her on the sums she received under the agreement after the amendments of the Federal income tax law in 1942, and the State income tax law in 1943, imposing income taxes on the recipients of alimony payments. The second cause of action pleads that if the agreement as written does not require defendant so to reimburse plaintiff,

then by mistake it fails properly to set forth the real agreement reached and the real intention of the parties at the time, and asks for reformation accordingly. The settlement agreement and a trust indenture for the benefit of plaintiff executed simultaneously therewith and made a part thereof are annexed to the complaint.

Defendant moved to dismiss: (1) the first cause of action on the ground of insufficiency because the terms of the agreement annexed to the complaint do not support plaintiff's construction; and (2) the second cause of action on the ground that the claimed obligation of defendant to pay plaintiff's income taxes is illegal and unenforcible in the light of the provisions of the New York State Tax Law (§ 385) that any contract by which one person agrees to pay another person's income tax is void and unenforcible.

Special Term denied defendant's motion to dismiss both causes of action. As to the first cause of action, the court ruled that the agreement is ambiguous and its true meaning cannot be ascertained until the facts are developed at trial. As to the second cause of action, the court held that while the New York State Tax law provision relied upon by defendant would bar plaintiff's reimbursement for New York State income taxes paid by plaintiff, it would not render the agreement void insofar as it obligated defendant to reimburse plaintiff for her Federal income taxes.

In the first cause of action plaintiff alleges that the agreement required defendant to pay plaintiff $15,000 a year *net* after payment of any and all income taxes. But the contract itself annexed to the complaint does not support plaintiff's pleaded construction thereof; and where there is a variance between the contract and the complaint, the contract as written controls and not the pleader's construction (*Pletman* v. *Goldsoll*, 264 App. Div. 393). The agreement, made on March 3, 1934, stated it was to become effective only if a pending divorce action resulted in a final decree in favor of the wife, and that the provisions in the agreement for the support of the wife and the parties' only child were in lieu of any support provision in any divorce decree to be entered. Concededly, that agreement never became part of the decree subsequently entered in the wife's favor. We are not, therefore, here dealing with

a judicial decree that may be modified because of changed circumstances; and this case cannot and does not invoke the power, resident in the Supreme Court by virtue of the provisions of sections 1155 and 1170 of the Civil Practice Act to modify or amend a decree upon proof of changed circumstances (cf. *Kraunz* v. *Kraunz,* 267 App. Div. 450, mod. 293 N. Y. 152). We here consider only the contract *qua* contract. By its terms, so far as relevant, defendant agreed to pay plaintiff for her support the sum of $15,000 per year, and in order to secure the payment in part of such sum defendant agreed to and did establish a trust fund for plaintiff's benefit with a corpus of $100,000. Such $15,000 per year was to be paid at the rate of $1,250 per month on the first of each month in advance, and from said sum was to be deducted any sum which the wife received from the trust during the preceding calendar month. The agreement does not provide, as plaintiff alleges, that defendant was to pay $15,000 *net* after all income taxes; it makes no mention whatsoever of income tax on the said sum of $15,000 *per annum.* It does provide, however, that the wife will pay all income taxes on the income she receives *from the trust fund* and the husband will reimburse her upon notice from her to the extent to which her income tax has been increased as the result of the addition of the income *from the trust fund* to the income she would otherwise report. It further provides that if the husband should be required to pay any income tax on account of the income *from the trust fund* on which the wife shall also have paid income tax and for which the husband shall have reimbursed her, the husband is authorized in the wife's name to prosecute an application for a tax refund in respect to such tax paid by the wife.

The trust indenture defines " taxes " as used therein to mean " all taxes paid by Mabel V. Metcalf [plaintiff] over and above such taxes as she would otherwise pay but for the addition to her personal income of the income *from this trust.*" (Emphasis added.) Both the settlement agreement and the trust indenture refer to taxes four times and in each instance the reference is expressly limited to taxes on the income from the trust fund. Thus the agreement itself clearly provides that the husband is to be liable for income taxes only on the income from the trust and not on the total annual sum of

$15,000 which he was obligated to pay under the agreement and has paid plaintiff annually since 1934.

When that agreement is read in the light of the law in effect at the time the agreement was executed, in 1934, it is clear that the agreement as written did not bind the husband to pay the wife's income tax on anything more than the income from the trust. At that time alimony was not taxable to the wife and was not deductible in the husband's tax return. But there was a question whether income from an alimony trust was taxable to husband or wife and that question was not resolved until 1935, when the Supreme Court ruled that such income was taxable to the husband (*Douglas* v. *Willcuts,* 296 U. S. 1). The fact that in 1942 and 1943, the Federal and State Governments drastically revised their taxing statutes so as to shift the burden of taxes upon alimony payments from payor to recipient, cannot change the plain meaning of the contract as written. We think the agreement as executed is clear and unambiguous and its terms expressly contradict plaintiff's pleaded construction.

It is to be noted however that in the first cause of action as pleaded plaintiff seeks reimbursement for all income taxes since 1942 on the $15,000 per annum received by her both from defendant *and* from the trust; and plaintiff alleges on information and belief that the gross income from the trust did not exceed $3,000 per annum. Accordingly, so far as plaintiff seeks reimbursement for income taxes she claims she had to pay on the income from the trust fund alone, the first cause of action is *pro tanto* sufficient. It is clear plaintiff does not seek such limited relief only. But the rule is that, on a motion under rule 106 of the Rules of Civil Practice to dismiss for insufficiency on the face of the complaint if in any aspect upon the facts stated plaintiff is entitled to recovery, the motion to dismiss for legal insufficiency must be denied (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432; *Abrams* v. *Allen,* 297 N. Y. 52, 54). As pointed out above, by the terms of the agreement defendant was obligated to reimburse plaintiff for income taxes paid by her on the income from the trust and upon filing an income tax return she was obliged to notify the husband by mail of the extent to which her income tax had

been increased as a result of the addition of the income from the trust to the income she would otherwise report. To the limited extent indicated, therefore, and only to that extent, the first cause of action as pleaded is sufficient subject of course to proper proof of facts at trial.

As to the second cause of action seeking reformation, the pleaded promise is that defendant undertook to pay plaintiff " $15,000 per annum net after the payment of any income taxes which plaintiff might be required to pay over and above such taxes as she would otherwise pay but for the addition to her personal income of the said $15,000." What this means on plaintiff's construction is shown in the complaint which sets forth a total tax of $11,231.48 allegedly referable to the $15,000 received in the first year after the changes in the Federal and State tax laws, and an average of over $9,000 in each of the years since such changes. These sums are claimed in addition to the $15,000 per year which concededly has been paid. Obviously this is an onerous burden and should not be imposed without the clearest expression of intention to create it, especially when a lesser promise on the same subject was expressly provided by the written document. Section 385 of the New York State Tax Law, making unenforcible an agreement by one person to pay another's income tax, relates only to New York State income taxes and not to Federal income taxes. An agreement to pay both New York State and Federal income taxes has been recently held by this court to be unenforcible only insofar as New York State income tax is concerned (*Mahana* v. *Mahana,* 272 App. Div. 1013). The illegal part of the agreement in suit may be severed from the legal. Therefore, although in the light of all the circumstances it may be doubtful that plaintiff can establish her claim that the agreement, obviously drafted with care by counsel representing the respective parties, did not actually express the intention of the parties but was meant to import what she now claims, nevertheless we think the pleading for reformation as such is sufficient on its face.

The first cause of action is, therefore, sustained only to the limited extent that it purports to seek reimbursement for Federal income taxes plaintiff claims she had to pay on the

income from the trust fund alone. The second cause of action is sustained as above indicated as sufficient on its face so far as Federal income taxes are concerned.

The order appealed from should be affirmed, without costs.

PECK, P. J., COHN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously affirmed, without costs.