## (March 17, 1959)

WILLIAM C. TURNER, Respondent, v. BRUCE PAYNE et al., Appellants, et al., Defendants.

MEMORANDUM BY THE COURT. There is no irreconcilable inconsistency between the written agreement upon which plaintiff's causes of action are predicated and the theory upon which plaintiff attempts to hold all of the defendants liable thereunder. The reference to "Associates" in the body of the contract and the signature of Bruce Payne — without express indication of subscribing in a representative capacity — when coupled with the allegations of the complaint concerning the interrelated functioning of all of the defendants as one unit under the control of Bruce Payne, are sufficient to sustain the complaint and require answer by the defendants. Ambiguities in the contract as to

the identity of the employer or employers who assumed responsibility can only be resolved by proof. We cannot say, as a matter of law, from the face of the complaint that the moving defendants, Associates and Bruce Payne, were not bound by the contract.

M. M. Frank, J. (dissenting). The defendants Bruce Payne, individually, and Bruce Payne & Associates, Incorporated, appeal from an order denying their motion to dismiss the complaint as against them, for insufficiency.

Four defendants are named in the action, to wit: Bruce Payne; Bruce Payne & Associates, Incorporated. a Connecticut corporation; Bruce Payne e Associados, a Brazilian civil society or partnership; and Bruce Payne & Associates International, Inc., a Delaware corporation. We are not concerned with defendants Associados or International.

In substance, the complaint alleges, in purely conclusory form, that International is the controlling member of Associados; that the defendant Bruce Payne, individually, operates and controls International and through it Associados; that all the defendants other than Bruce Payne function as a single entity and are the *alter ego* of and the conduits for the "management consulting" business of Bruce Payne. Two causes of action are stated, one for salary due and the other for breach of a contract of employment. The contract, in letter form on the letterhead of International, is annexed to the complaint. Hence, the text of the contract is controlling rather than the plaintiff's interpretation thereof. (*Red Robin Stores* v. *Rose*, 274 App. Div. 462; *Metcalf* v. *Metcalf*, 274 App. Div. 744.) Therefore, we should look to it to ascertain whether liability on the part of any of the defendants other than International is indicated.

The agreement, which is signed "Bruce Payne", refers *inter alia* to the plaintiff joining "our Brazilian affiliate, Bruce Payne e Associados". It provides that, "On September 1st you will join our staff as a permanent member on the same basis as all other Associates". Various references are made in the letters to the "company" and to the payments it would make for moving expenses, schooling for the plaintiff's children and other items. It states that, "You will be directly responsible to the General Manager of Bruce Payne e Associados"; and in the last paragraph, but one, that, "For a period of two years after the termination of your employment with Bruce Payne e Associados".

At this time, our sole concern is whether the complaint alleges an adequate cause of action against the appealing defendants. As to these, it is urged that the pleading is sufficient on two theories: first, that the separate corporate entities should be disregarded and that all should be treated as the *alter ego* of the individual, Bruce Payne; and second, that the complaint specifically alleges that the agreement was entered into by the plaintiff with all the defendants.

The complaint is patently insufficient to support the argument that the allegations therein are adequate to justify disregarding the separate corporate entities on an *alter ego* theory. Neither the conclusory allegations of the complaint, nor the plaintiff's characterization or construction of the agreement can enlarge or alter its language. In my view, it is clear that the letter was signed by Bruce Payne in a representative capacity, and that he did not assume personal liability thereunder. It is argued that the issue to be determined at the trial is the identity of the parties intended to be bound by the writing. That may be true insofar as Associados and International are concerned, for the former is specifically mentioned in the contract which is on the letterhead of the latter. Nowhere in the contract is there reference to

974

Bruce Payne & Associates, Incorporated. Thus, there is no basis for the contention that a cause of action is pleaded against that corporation. Certainly as to it there can be no question of identity.

As Judge HAND aptly stated (*Hotchkiss* v. *National City Bank of N. Y.*, 200 F. 287, 293, affd. 201 F. 664, affd. *sub nom. National City Bank* v. *Hotchkiss*, 231 U. S. 50), "A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent".

There is nothing in the body of the agreement to indicate that Bruce Payne or Bruce Payne & Associates, Incorporated, were to be bound. It would therefore be improper to receive parol evidence at the trial for such purpose, and it follows that the complaint cannot be sustained as to those defendants. As I understand the rule, the manifestation of a party's intention as evidenced by the agreement rather than an undisclosed actual or real intention is controlling (see *Mencher* v. *Weiss*, 306 N. Y. 1, 4, 7). In sum, I cannot interpret the contract to mean that *all* the defendants had bound themselves. We should reject the attempt to broaden, enlarge or pervert the meaning of the writing, made under the guise of establishing the "identity" of the parties to the contract. Under the circumstances of this case, the claim that "all or some" of the defendants may be liable should not be approved as a sufficient statement of a cause of action.

The order should be reversed, with costs to appellants, and the motion to dismiss granted as to the defendants Bruce Payne and Bruce Payne & Associates, Incorporated, with leave to the plaintiff to replead.

Breitel, J. P., Valente, McNally and Stevens, JJ., concur in memorandum; M. M. Frank, J., dissents in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.