■ BENJAMIN H. KEAN, Respondent, v. REBEKAH HARKNESS, Appellant.— Order of Supreme Court, New York County, entered November 12, 1971, which, on reargument, dismissed both causes of action in the complaint but departed from the prior decision by granting plaintiff-respondent leave to serve an amended complaint, unanimously modified, on the law and in the exercise of discretion, to the extent of striking the leave granted to plaintiff to serve an amended complaint, and the complaint dismissed unconditionally, and otherwise affirmed, without costs and without disbursements. We find no " evidentiary demonstration to satisfy a court that the party 'has good ground to support his cause of action'." (*Cushman & Wakefield* v. *John David Inc.*, 25 A D 2d 133, 135.) The original first cause is barred by the Statute of Limitations as one to recover a chattel (CPLR 214); plaintiff's ingenious claim that the papers sued for are not property, being without value, and

that, therefore, a six-year limitation applies ("where not otherwise provided for" [CPLR 213]), will not hold water. Further, the agreement of the parties recites in so many words that plaintiff received everything to which he was entitled. The second cause, involving a claim for indemnity, pursuant to agreement, for income tax liability cannot stand; it is interdicted by section 385 of the Tax Law, with respect to New York State income tax. (Also, see *Metcalf* v. *Metcalf*, 274 App. Div. 744; *Fridrikson* v. *Fridrikson*, 35 A D 2d 939; *Seabrook* v. *Seabrook*, 3 A D 2d 993; *Mahana* v. *Mahana*, 272 App. Div. 1013.) Concur — Markewich, J. P., Murphy, McNally, Tilzer and Capozzoli, JJ.