■ BENJAMIN H. KEAN v. REBEKAH HARKNESS — Motion for reargument or, in the alternative, for leave to appeal to the Court of Appeals granted to the extent only of recalling and withdrawing the original memorandum decision of this court on appeal No. 4777 (38 A D 2d 803) and substituting therefor the following corrected memorandum decision of this court: Order of Supreme. Court, New York County entered November 12, 1971, which, on reargument, dismissed both causes of action in the complaint but departed from the prior decision by granting plaintiff-respondent leave to serve an amended complaint, unanimously modified, on the law, and in the exercise of discretion, to the extent of striking such leave, and the complaint dismissed unconditionally, and otherwise affirmed, without costs and without disbursements. We find no "evidentiary demonstration to satisfy a court that the party 'has good ground to support his cause of action'." (*Cushman & Wakefield* v. *John David Inc.*, 25 A D 2d 133, 135.) The original first cause is barred by the Statute of Limitations as one to recover a chattel (CPLR 214), plaintiff's ingenious claim that the papers sued for are not property, being without value, and that, therefore, a six-year limitation applies ("where not otherwise provided for" [CPLR 213]), will not hold water. Further, the agreement of the parties recites in so many words that plaintiff received everything to which he was entitled. The second cause, involving a claim for indemnity, pursuant to agreement, for income tax liability cannot stand; not alone does this alleged oral modification fly in the face of the written agreement, characterized therein by the parties as "entire," but, in addition, it is interdicted by section 385 of the Tax Law, with respect to New York State income tax. (Also, see, *Metcalf* v. *Metcalf*, 274 App. Div. 744; *Fridrikson* v. *Fridrikson*, 35 A D 2d 939; *Seabrook* v. *Seabrook*, 3 A D 2d 993; *Mahana* v. *Mahana*, 272 App. Div. 1013.) Concur — Markewich, J. P., Murphy, McNally, Tilzer and Capozzoli, JJ.

■ RUTH ROSENBLUM v. HARRIS, UPHAM & CO., INCORPORATED.— Motion, insofar as it seeks leave to appeal to the Court of Appeals denied; and, insofar as it seeks reargument, granted to the extent of resettling the order of this court entered on February 8, 1972. Resettled order signed and filed. Concur — McGivern, J. P., Nunez, Kupferman, Murphy and Capozzoli, JJ.

## (April 11, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUBIN OJEDA, Appellant.— Judgment, Supreme Court, New York County rendered on September 18, 1970, revoking probation of defendant upon his conviction of unlawfully entering a building and petit larceny, and resentencing him to one year's imprisonment, unanimously reversed and vacated, on the law, and the original sentences reinstated. With the consent of and the concurrence of the District Attorney, it can now be recognized that the court below could not properly resentence defendant upon his plea to unlawful entry, as he had already been sentenced to time served and discharged; similarly, in respect of petit larceny, the court lacked jurisdiction to revoke probation after the period of probation had expired. Concur — Stevens, P. J., McGivern, Nunez, Kupferman and Murphy, JJ.