John W. Sweeny, J.
Plaintiff seeks an order removing an action from the County Court of Westchester to the Supreme Court of Westchester and permitting service of an amended complaint alleging additional damages sustained since the inception of the action and alleging new causes of action for (1) reformation of the contract based on fraud or mutual mistake and (2) unjust enrichment.
All the causes of action involved herein are based on a separation agreement executed by the parties on October 2, 1961, more particularly paragraphs “ 5 (h) ” of said agreement. By this clause the parties agreed that only those payments made to the wife for her support would be deductible by the husband and taxable to the wife. The husband was also permitted to claim *1096 the children of the marriage as dependents as long as they qualified. However, paragraph 5 provided no breakdown between the money which was allocated to the wife and that to the children and therefore, the wife has been required to pay income tax on the entire amount.
Litigation has progressed through the County Court regarding various aspects of the separation agreement. In 1971 the County Court permitted severance of those causes of actions which related to plaintiff’s demand for reimbursement of income taxes paid by her on the children’s portion of the support payments. Plaintiff indicated that she intended to move during trial in County Court to amend her complaint to conform to her proof and seek equitable relief, i.e., reformation of paragraph 5(h) on the grounds of mutual mistake or fraud in the inducement of the contract. These causes of action were severed to permit an application for removal to the Supreme Court since the County Court was without jurisdiction to grant the equitable relief sought.
Plaintiff did not discover the alleged mistake or fraud until April, 1963.
Defendant’s opposition to the instant application is centered on the fact that the amended complaint would not only permit circumvention of the Statute of Limitations, but also would constitute a change in the cause of action to his prejudice since he would be forced to defend a stale claim.
Since these causes of action accrued before the effective date of the Civil Practice Law and Rules, plaintiff would be entitled to the longer Statute of Limitations of the Civil Practice Act pursuant to subdivision (b) of CPLR 218.
Contrary to plaintiff’s contention, actions for equitable and legal fraud under subdivision 5 of section 48 of the Civil Practice Act were limited by a 6-year and not a 10-year Statute of Limitations (cf. Civ. Prac. Act, § 48, subd. 5; Sielcken-Schwarz v. American Factors, 265 N. Y. 239).
A cause of action for reformation due to mistake is governed by section 53 of the Civil Practice Act and is limited to a 10-year period from the date of execution of the agreement and not from discovery of the mistake. (Metcalf v. Metcalf, 196 Misc. 842, affd. 277 App. Div. 1114, affd. 302 N. Y. 822). Therefore, both possible theories offered as grounds for reformation are barred, since the cause of action accrued on October 2,1961.
Since the equitable cause of action sought to be interposed by plaintiff in her amended complaint is now barred, and since the Gouty Court has jurisdiction to hear the other cause of action *1097 based on unjust enrichment, the motion to remove is denied without prejudice to plaintiff’s right to bring an action for a declaratory judgment with reference to the meaning of the contract provision in question (cf. Eager, The Declaratory Judgment Action [1971 ed.], § 8).