■ WARWICK MATERIALS, INC., Respondent, v J. K. PRODUCE FARMS, INC., et al., Appellants. — In an action seeking damages for fraud and trespass, reformation of a deed, a declaration of interest in property pursuant to RPAPL article 15 based on equitable estoppel, easements by implication and prescription, a declaration of the nullity of an easement, and to enjoin the defendants from using that easement, the defendants appeal from an order of the Supreme Court, Orange County (Buell, J.), dated April 17, 1984, which, upon reargument, denied their motion for summary judgment without prejudice to renewal after plaintiff had deposed the individual defendants.

Order modified, by deleting therefrom the words "and defendant's [sic] motion for summary judgment upon the ground that plaintiff has failed to state a cause of action is" and by substituting therefor the words "that branch of defendants' motion which was for summary judgment dismissing the first and second causes of action asserted in the amended complaint as barred by the Statute of Limitations and that branch of the motion which was for summary judgment dismissing the fifth cause for failure to state a cause of action are granted and in all other respects the motion is". As so modified, order affirmed, without costs or disbursements.

Defendant J. K. Produce Farms, Inc. (the corporation) was the owner of a 53-acre parcel used as a quarry. An access road connected the public highway to the quarry and to adjacent farm fields. In 1972 the corporation sold to defendants Julia and Michael Kobylaski a two-acre parcel of the property through which the access road ran. The Kobylaskis are alleged to have been the sole shareholders and officers of the corporation. The deed effecting the conveyance failed to reserve a right-of-way in favor of the corporation over the devised property.

In 1974, the corporation negotiated the sale of the corporate quarry property to one of plaintiff's predecessors in interest. It is alleged that during those negotiations the Kobylaskis represented to the grantee that the corporation did in fact hold a right-of-way over the two-acre parcel previously conveyed to them and the deed to the remainder of the property, executed in 1974 by Julia Kobylaski as president of the corporation, granted

such an easement and also reserved a right in favor of the corporation and the Kobylaskis to use the right-of-way as it continued through the quarry property.

The quarry property, which had been conveyed to another in 1976, was sold at a foreclosure sale in 1980. The notice of sale, published in June 1980, stated that the foreclosure would be subject to "the claim of Michael Kobylaski that the right-of-way over his lands, as set forth in the description of premises, is without force or effect". Through mesne conveyances the plaintiff obtained title to the quarry property in 1981.

The Kobylaskis barred the right-of-way through their property and thereafter, in or about June 1983, plaintiff commenced the instant action. Plaintiff's amended complaint, containing seven causes of action, sought damages for fraud and trespass and reformation of the 1972 deed on the basis of mutual mistake so as to reserve a right-of-way through the two-acre parcel in favor of the corporation. The amended complaint also sought to estop the Kobylaskis from asserting anything in derogation of the right-of-way granted in the 1974 deed, to declare a right-of-way by implication, to declare a right-of-way by prescriptive use, to declare void the grant to the Kobylaskis of the right-of-way over plaintiff's property, and to enjoin the Kobylaskis from using that right-of-way.

Following joinder of issue, defendants moved for summary judgment on various grounds. Special Term granted the motion and dismissed plaintiff's amended complaint. Upon plaintiff's motion for reargument, Special Term denied the defendant's motion for summary judgment without prejudice to renewal once the Kobylaskis had been deposed. While we agree that plaintiff should be afforded an opportunity to depose the Kobylaskis (*see,* CPLR 3212 [f]), the court should have granted the motion with respect to the causes of action which could not succeed as a matter of law.

In this regard, the foreclosure sale in 1980 gave sufficient notice of the Kobylaskis' claims so as to terminate any toll of the Statute of Limitations for fraud (CPLR 213 [8]) or for reformation of a deed on the ground of mistake (*see, e.g., Hart v Blabey,* 287 NY 257; *Metcalf v Metcalf,* 196 Misc 842, *affd* 276 App Div 1068; *cf. Acres v Hitchcock,* 77 AD2d 744, *appeal dismissed* 51 NY2d 877). Consequently, plaintiff's first two causes of action *based* upon fraud and mistake are barred by the Statute of Limitations as they were asserted more than six years after accrual (CPLR 213 [6], [8]) and more than two years after discovery (CPLR 203 [f]).

In addition, plaintiff's amended complaint fails to state a cause of action for an easement by prescription. Plaintiff's fifth cause of action merely states that "the said right-of-way over plaintiff's and defendants' land has been used by adjoining landowners and by other parties" and that, "upon information and belief, said use has been open, notorious, uninterrupted, and undisputed for a period of more than ten years". While plaintiff may "tack" its own periods of use onto those of its predecessors in interest to establish use of the easement for the prescriptive period, it may not assert the prior use of a right-of-way by unknown third parties in order to support its own claim of a prescriptive easement (*see, e.g., Denniston's Crossing v State of New York,* 76 AD2d 988, 989). For this reason, the fifth cause of action must be dismissed. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.