■ ROBERT E. RICE et al., Appellants, v JOHN RHODE et al., Respondents.—Judgment unanimously reversed on the law with costs and judgment granted to plaintiffs for relief requested in complaint. Memorandum: The court erred in granting defendants a prescriptive easement over plaintiffs' property because defendants failed to establish use of the right-of-way for the first three years of the prescriptive period. Evidence that unknown third parties used the right-of-way during that time was insufficient to establish the prescriptive easement *(see, Warwick Materials v J.K. Produce Farms,* 111 AD2d 805, 807). (Appeal from Judgment of Supreme Court, Livingston County, Houston, J.—Prescriptive Easement.) Present— Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.

■ ROBERT J. KISH, Appellant, v ROSEANN L. KISH, Respondent. (Appeal No. 1.)—Judgment insofar as appealed from unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court for a hearing, in accordance with the following Memorandum: On appeal from a judgment of divorce ordering plaintiff to pay his wife's additional attorney's fees in the amount of $15,483.76 as well as her accountant's fees and costs and disbursements, plaintiff argues that the court erred in awarding those amounts without the benefit of an evidentiary hearing on the amounts requested and on defendant's ability to pay her own attorney's fees. We agree that the court should have held a hearing with respect to the value of the legal services rendered because plaintiff requested such a hearing *(see, Berge v Berge,* 159 AD2d 960). However, plaintiff made no request for a hearing with respect to the latter two awards, nor did he request a hearing on defendant's ability to pay her own attorney's fees, and thus has failed to preserve those aspects of the court's order for our review. (Appeal from Judgment of Supreme Court, Erie County, Francis, J.—Divorce.) Present— Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.