■ CARMELA FERNANDES, Respondent, et al., Plaintiff, v. JOSEPH HAGGERTY, Appellant.— Appeal by defendant from so much of an order of the Supreme Court, Richmond County, dated April 19, 1968, as granted the motion of plaintiff Carmela Fernandes to set aside a jury verdict in her favor for $20,000, on the ground of inadequacy, unless defendant stipulate to pay said plaintiff $35,000. Order reversed insofar as appealed from, with costs; in accordance, the second and third decretal paragraphs thereof are struck out and said plaintiff's motion denied; and jury verdict as to said plaintiff reinstated. In our opinion, the jury's verdict in favor of Carmela Fernandes was neither "so inadequate as to shock judicial conscience" (*Seward* v. *Motz*, 22 A D 2d 1009) nor "unconscionable" (*Cesario* v. *Demetria Realty Corp.*, 250 App. Div. 272, 273). Nor does it appear on this record that the verdict was capricious or the result of passion, prejudice or sympathy (*Jordan* v. *Smyk*, 262 App. Div. 414, 416). Under these circumstances, a trial court should not lightly usurp the function of the jury in fixing the amount of damages. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ EDGAR E. MOSER et al., Respondents, v. LOUIS SPIZZIRRO et al., Appellants.— Judgment of the Supreme Court, Westchester County, dated December 13, 1967, modified, on the law and the facts, by striking out the second adjudicatory paragraph, except the provision awarding plaintiffs the costs of the action and directing execution therefor. As so modified, judgment affirmed, without costs. In our opinion, the second cause of action, for fraudulent concealment, should have been dismissed for failure of proof. The mere silence of defendants, unaccompanied by some act or conduct which deceived plaintiffs, was not an actionable fraud in the absence of any confidential or fiduciary relationship (*Perin* v. *Mardine Realty Co.*, 5 A D 2d 685, affd. 6 N Y 2d 920; cf. *Foster* v. *Parker*, 282 App. Div. 766, 767, affd. 2 N Y 2d 848; *Amend* v. *Hurley*, 293 N. Y. 587, 596; *Peoples' Bank of City of New York* v. *Bogart*, 81 N. Y. 101, 107; *Dambmann* v. *Schulting*, 75 N. Y. 55, 61). Nor do we think there was proof of negligence so gross that an intent to defraud could be reasonably implied. Negligent and faulty construction there may have been, but negligence and fraud are not synonymous or legally equivalent terms, although in a proper case negligence may be so gross as to take the place of a deliberate intention to work a fraud (cf. *State St. Trust Co.* v. *Ernst*, 278 N. Y. 104, 112; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 186; *Reno* v. *Bull*, 226 N. Y. 546; *Staff* v. *Lido Dunes*, 47 Misc 2d 322, 325). We also agree with appellants that there were errors in the charge and in the trial court's refusal to charge the general rule as to silence in connection with the fraud cause of action. Since we are dismissing that cause of action and the errors had no effect on the jury's determination of the first cause of action, the judgment, as herein modified, should be affirmed. Beldock, P. J., Christ, Brennan, Benjamin and Martuscello, JJ., concur.