■ GEORGE COHEN AGENCY, INC., Respondent, v DONALD S. PERLMAN AGENCY, INC., et al., Appellants and Third-Party Plaintiffs. CONTINENTAL CASUALTY COMPANY et al., Third-Party Defendants-Respondents.—In an action to recover on a series of promissory notes, defendants and third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated February 17, 1984, as (1) dismissed their counterclaims against plaintiff and (2) dismissed their third-party complaint.

Order modified, on the law, by reinstating the first counterclaim asserted against plaintiff in appellants' answer. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

In August and October of 1973, defendants and third-party plaintiffs Donald S. Perlman Agency, Inc. and Donald S. Perlman (hereafter referred to collectively as Perlman) entered into contracts whereby they agreed to purchase the insurance portfolio of plaintiff George Cohen Agency, Inc. (Cohen). Before the closing of the purchase occurred, Donald S. Perlman was given a thorough description by one of Cohen's employees of certain insurance policies which third-party defendant Continental Casualty Company (Continental) issued. In addition, Perlman met with a Continental employee prior to the closing in order to negotiate the obtaining of a general agent's contract from Continental. Thereafter, Perlman and Cohen entered into portfolio purchase agreements, and Perlman and Continental entered into a general agency agreement. Third-party defendant I. Edward Pogoda (Pogoda) was the attorney who handled the closing of the portfolio purchase agreements.

Approximately three years later, in 1976, Continental withdrew permission for Perlman to write several of its policies, allegedly because said policies failed to conform to one or more regulations of the New York State Department of Insurance. Thereupon, Perlman ceased making payments to Cohen on the purchase contracts, and Cohen commenced the instant suit for the unpaid balance of the purchase price. Perlman counterclaimed, alleging, *inter alia,* that Cohen had been aware of the problems concerning the withdrawn policies before the closing of the purchase agreements but had fraudulently concealed the alleged defects in the policies in order to induce Perlman to enter into the purchase agreements. Perlman also commenced a third-party action, asserting various claims against both Continental and Pogoda. Cohen and Continental each subsequently moved for summary judgment, and Special Term denied Cohen's motion, granted Continental's motion, and dismissed the complaint, counterclaims, and third-party complaint as to all parties. Perlman, the lone appellant in this action, now argues that Special Term erred in dismissing the third-party claims and counterclaims. Except insofar as it relates to Perlman's counterclaim against Cohen sounding in fraud, we find Perlman's argument unpersuasive.

The evidence adduced by Perlman in support of the fraudulent concealment claim against Continental is not sufficient to raise triable issues of fact. The record clearly demonstrates that Continental was not even a party to the portfolio purchase agreements, and was thus under no duty to disclose any material facts concerning those agreements to Perlman. In the absence of a special relationship between two parties to a contract, no duty to disclose exists *(see, Ferer & Sons v Chase Manhattan Bank,* 731 F2d 112; *County of Westchester v Becket Assoc.,* 102 AD2d 34, *appeals dismissed* 64 NY2d 734, *affd* 66 NY2d 642). Moreover, we are aware of no compelling reasons for the imposition of such a duty in the present case. Although Donald S. Perlman and a Continental employee did briefly discuss the subject policies during a meeting which occurred prior to the closing of the portfolio purchase agreements, that meeting did not concern said agreements. Instead, its purpose was to negotiate the general agent's contract between Perlman and Continental, and none of the statements allegedly made at the meeting indicates a misrepresentation or a failure to disclose relevant information on the part of Continental. This fact, when coupled with Donald S. Perlman's admissions during his deposition testimony that no one from Continental induced him to purchase the Cohen portfo-

lio, clearly demonstrates the lack of merit in Perlman's fraud claim against the insurance company.

Equally unpersuasive is Perlman's claim that Continental breached the general agent's agreement by its withdrawal of permission to write certain policies. A review of the agreement reveals that Continental was under no obligation to keep the policies in effect for any specific length of time. In fact, the agreement provided that Continental had the right to withdraw policies in the event that it was required to do so by a governmental agency, such as is alleged here. Moreover, no representation was made on behalf of Continental which could be construed as a promise to keep the policies in effect in the future. The purported statement by a Continental representative that Perlman's commissions on the policies would continue "as long as the policies were in force" did nothing more than echo the terms of the general agent's agreement. In light of the fact that Continental kept the bulk of these policies in effect until 1976, we find no evidence of bad faith in its performance of the agreement.

The third-party claims of fraud and negligence against Pogoda are also without merit. While Pogoda did represent both parties to the portfolio purchase agreements and acted as the broker therefor, the parties consented to this arrangement in the text of the agreements themselves. Additionally, the mere fact that Pogoda represented both Perlman and Cohen does not establish nor even suggest that he fraudulently concealed or conspired to conceal information concerning the validity of the policies from Perlman. Likewise, the claim that Pogoda was negligent in failing to investigate the viability of the policies is totally unsupported by the record, for Perlman wholly failed to establish that the attorney was aware of the alleged noncompliance of the policies with insurance regulations.

However, we find that issues of fact do exist with respect to the counterclaim for fraudulent concealment asserted against Cohen. When a material fact is concealed by a party to a contract who should in good faith disclose that fact, the party's silence may rise to the level of actionable fraud (see, Donovan v Aeolian Co., 270 NY 267, rearg denied 271 NY 532; County of Westchester v Becket Assoc., supra; Noved Realty Corp. v A.A.P. Co., 250 App Div 1). Here, the affidavits of both Donald S. Perlman and a Cohen employee raise issues of fact as to whether Cohen was aware of the alleged policy defects at the time of contracting with Perlman, and if so, whether Cohen concealed its knowledge of said defects from Donald S.

Perlman in order to induce him and his corporation to purchase the portfolio. A trial of these factual issues concerning the counterclaim for fraud is therefore necessary *(see, Tahini Invs. v Bobrowsky,* 99 AD2d 489). We have considered the remaining contentions of Perlman and find them to be without merit. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.