■ Leo Levy et al., Appellants, v Country Lake Homes, Inc., Respondent.—In an action, inter alia, to recover damage

for fraud, and for specific performance of alleged terms of certain leases, the plaintiffs appeal from an order of the Supreme Court, Orange County (Isseks, J.), dated June 24, 1986, which granted the defendant's motion to dismiss the action.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court, Orange County, that the action should be dismissed but for reasons other than those stated by that court.

The claims arise out of a lease transaction whereby 106 prospective lessees learned through brochures distributed by the defendant that they could rent a house for a period of five years and then exercise an option to purchase if they could first obtain subdivision approval for the houses. The representations in the brochures were confirmed by an alleged corporate officer who allegedly assured the plaintiffs that they would be able to obtain subdivision approval in the future. Five years later the plaintiffs informally inquired about the possibility of obtaining subdivision approval based upon a "cluster type" plan and were informed by members of the appropriate planning board that they could gain approval for the plan only if they acquired certain additional adjoining land owned by the corporate officer.

The record indicates that the plaintiffs have failed to set forth any cause of action against the defendant. In the first cause of action, the plaintiffs seek a declaration that they are entitled to the conveyance of the adjoining land, free of charge, under the terms of their leases. However, the provisions of the leases, which are unambiguous, do not provide a basis for granting this relief to the plaintiffs (cf., *Hallock v State of New York,* 32 NY2d 599; *Board of Coop. Educ. Servs. v Goldin,* 38 AD2d 267, *lv denied* 30 NY2d 486). Further, the second cause of action is based, in pertinent part, upon the alleged representations made by the defendant, through its corporate officer, regarding, *inter alia,* the probability of obtaining subdivision approval in the future and the availability of certain facilities for use by the plaintiffs. However, the complaint and evidentiary material submitted in support thereof fail to allege or set forth any factual assertions from which it may be inferred that the alleged representations were known to be false and that there was justifiable reliance upon those representations (see, e.g., *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778, *mot to amend remittitur granted* 43 NY2d 947, *rearg denied* 44 NY2d 733; *Glassman v Catli,* 111

AD2d 744). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.