■ ANDREW J. LANE et al., Appellants-Respondents, v PETER H. McCALLION et al., Respondents-Appellants.—In an action to recover damages for fraud and breach of fiduciary responsibilities, (1) the plaintiffs appeal from (a) so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered March 24, 1989, as granted that branch of the defendants' motion which was to dismiss the first cause of action asserted in the complaint and denied those branches of their cross motion which were for summary judgment dismissing the first and third counterclaims, (b) an order of the same court dated September 25, 1989, which granted the defendants reargument, and, upon reargument, granted summary judgment to the defendants upon so much of their first counterclaim as sought payment of certain moneys allegedly due on October 1, 1980, and (c) a judgment of the same court, entered October 26, 1989, which is in favor of the defendants and against them in the principal sum of $445,000, (2) the defendants separately cross-appeal from stated portions of the order entered March 24, 1989, which, *inter alia,* dismissed their counterclaims except insofar as they sought payment for certain moneys allegedly due on October 1, 1980, and (3) the defendant Peter McCallion cross-appeals from so much of the order dated September 25, 1989, as, upon reargument, adhered to the original determination denying that branch of the defendants' motion which was to dismiss the plaintiffs' second cause of action against him to recover damages for breach of a fiduciary duty and dismissed the counterclaim to recover the balance of $600,000 plus interest allegedly due under the parties' contract.

Ordered that the appeal and the cross appeals from the order entered March 24, 1989, are dismissed, as that order was superseded by the order entered September 25, 1989, made upon reargument; and it is further,

Ordered that the appeal and the cross appeal from the order entered September 25, 1989, are dismissed; and it is further,

Ordered that the judgment entered October 26, 1989, is affirmed; and it is further,

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal and the cross appeal from the intermediate order dated September 25, 1989, must be dismissed because

the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The defendants, former shareholders of the plaintiff Indian Hill Associates, Inc. (hereinafter Indian Hill or the corporation), sold their shares in Indian Hill to the plaintiff Lane (hereinafter the plaintiff) pursuant to a stock purchase agreement dated November 3, 1987. Indian Hill's only asset at that time was a contract to purchase 165 acres of lands situated within the Town of Yorktown and the Town of Putnam Valley. The plaintiff, a Massachusetts real estate developer, proposed to subdivide the lands for residential development. At the time of execution of the real estate contract in July 1987 the Town of Yorktown zoning provisions required minimum half-acre lots and the Town of Putnam Valley zoning provisions required minimum one-acre lots.

In September 1987 the Town of Yorktown amended the pertinent portions of its zoning ordinance to require a minimum four-acre lot (see, Local Laws, 1987, No. 25 of Town of Yorktown). At the time when Lane acquired the shares in November 1987 the Putnam Valley property had not been rezoned. However, eight months later, in July 1988, the Town of Putnam Valley also upgraded its zoning requirements to a minimum two-acre lot (see, Local Laws, 1988, No. 4 of Town of Putnam Valley).

The plaintiff negotiated an extension from July 1, 1988, to August 1, 1988, for payment of the first installment of the $1,675,000 consideration provided for in the stock purchase agreement, which he duly paid on or before the extended due date. However, he did not meet the second installment which was due on October 1, 1988. When the defendants demanded payment, the instant action was commenced.

In his complaint, the plaintiff alleged that prior to entering the stock purchase agreement, the defendant Peter McCallion represented to him that the Putnam Valley parcel could be developed for 85 building lots. It was also alleged that McCallion represented that as he was on "good terms" with the Town Supervisor of Putnam Valley and that the subdivision would receive "rapid approval". McCallion also allegedly represented that he was experienced in subdivision matters and he was thus retained by Lane as his attorney to obtain the necessary subdivision approvals. The parties dispute the point at which this attorney-client relationship began.

While the plaintiff did not allege that the representation as to the number of lots was false at the time it was made, he nevertheless alleged that McCallion "knew, or should have known, that the Town of Putnam Valley was considering and in all likelihood was going to rezone the Putnam Valley parcel to two-acre minimum lots, thereby substantially reducing the value of the parcel, its development potential and increasing the costs of development".

We agree with the Supreme Court that the plaintiff has failed to allege that the defendants misrepresented a material existing fact *(see, Reno v Bull,* 226 NY 546, 550; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778; *Williams v Upjohn Health Care Servs.,* 119 AD2d 817). Absent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable as fraud *(Adams v Clark,* 239 NY 403). Here, the assurances as to the outcome of a future zoning application must be construed as a prediction or an expression of expectation as to future events *(Country-Wide Leasing Corp v Subaru of Am.,* 133 AD2d 735).

Additionally, the alleged misrepresentation was neither an affirmation of an event which, when made, the defendants knew would not occur, nor was it an assertion of present facts exclusively within the defendants' knowledge *(see, Levy v Country Lake Homes,* 133 AD2d 70, 71; *Bailey v Diamond Intl. Corp.,* 47 AD2d 363; *cf., Bhatti v Roche,* 140 AD2d 660). Rather, the change of zoning laws was a matter completely beyond the defendants' control *(compare, CDC Intl. v McKesson Corp.,* 70 NY2d 268). Therefore, we conclude that the complaint and supporting affidavits fail to set forth any factual assertions from which it may be inferred that the alleged representations were known to be false, or that there was justifiable reliance upon those representations *(see, Levy v Country Lake Homes, supra).*

Moreover, in order to be actually deceived by a false representation, a party must not only believe that the representation is true, but must also be justified in taking action in reliance thereon *(Lanzi v Brooks, supra; Verschell v Pike,* 85 AD2d 690). Here, the only asset of the corporation was the real estate contract to purchase the lands which was incorporated by reference into the parties' agreement. It contained standard disclaimers and expressly provided that the property was subject to future zoning changes. The plaintiff, an experienced real estate developer represented by independent counsel, was not justified in relying on the seller's alleged statements as to the likelihood of obtaining zoning approvals,

especially as the plaintiff was investing in the property solely on the basis of its development potential *(see, e.g., Pirozzolo v Dimeo,* 141 AD2d 810; *cf., Scharf v Tiegerman,* 166 AD2d 697 [decided herewith]).

Furthermore, the plaintiff failed to allege the existence of a relationship between himself and the sellers of the corporation stock which would give rise to a duty to disclose *(see, Williams v Upjohn Health Care Servs., supra).* As there was no confidential relationship between the sellers of the corporation stock and the plaintiff, under these circumstances, their mere nondisclosure of a material fact does not constitute fraud *(see, Moser v Spizzirro,* 31 AD2d 537, *affd* 25 NY2d 941), and we reject the plaintiff's claim that the defendants engaged in active concealment of the town's zoning ordinances or the ongoing proceedings at which the zoning amendments were under consideration.

Although it is clear that no actionable fraud was committed by the defendants herein, this does not mandate dismissal of the other cause of action to recover damages for breach of fiduciary duties against defendant McCallion only. McCallion, one of sellers, was also employed as the plaintiff's attorney, and he was accordingly under a duty to reveal his knowledge, if any, of possible zoning amendments which might jeopardize the success of the plaintiff's proposed development prior to the execution of the agreement *(see, Verschell v Pike, supra).* As the parties disagree as to when the attorney-client relationship commenced, questions of fact remain to be resolved in this regard and as to whether this defendant furthered his own interests to the detriment of his client, the plaintiff. However, the existence of this separate cause of action does not permit the plaintiff to repudiate his remaining obligations under the agreement.

The court did not err in dismissing the defendants' counterclaims alleging that the plaintiff fraudulently withheld payment of consideration. Those allegations only stated a cause of action to recover damages for breach of contract and did not give rise to a cause of action sounding in fraud *(see, Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320, 323; *Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607; *Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271).

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.