■ East 15360 Corp., Appellant, v Provident Loan Society of New York, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered January 25, 1991, which granted defendant summary judgment dismissing the complaint and awarded it judgment on its counterclaim plus interest, unanimously affirmed, with costs.

Plaintiff's assignor entered into a contract with defendant to purchase a building at 153 East 60th Street in Manhattan. The contract provided that the purchaser had inspected the premises and agreed to take it "as is", and that defendant was

obliged to comply with any notices of violation against the premises. A closing date was set for March 30, 1990 and a deposit was placed in escrow. The contract was thereafter assigned to plaintiff. Defendant thereafter granted a request for an adjournment, setting the closing for May 10, 1990, with "time being of the essence". Plaintiff alleges that it then found a tenant for the premises, but prior to the closing date, discovered two open violations for failure to have elevators inspected. Defendant sent plaintiff a revised Building Department search showing no violations, but gave no explanation with respect to the prior existence of an elevator. Plaintiff contends that it thereafter obtained an old survey showing an encroachment for a sidewalk elevator hoist and sought a further adjournment to resolve the issue of the removal of the elevator, contending that removal without permits could result in a substantial adverse impact with respect to further alterations. Defendant denied the request.

While both parties appeared on the closing date, plaintiff refused to close, contending that an agent of defendant admitted that an elevator was probably removed in 1972, but provided no evidence of permits. When the escrowee refused to return the deposit, plaintiff commenced this action to recover compensatory and punitive damages for having been fraudulently induced to enter into a contract and subsequent failure to deliver marketable title. Defendant answered, counterclaimed, and moved for summary judgment and an award of damages on the counterclaim, which motion was granted. We agree.

Mere silence, without more, does not usually amount to a concealment that is actionable as a fraud unless, *e.g.,* there is a confidential or fiduciary relationship between the parties *(Moser v Spizzirro,* 31 AD2d 537, *affd* 25 NY2d 941). Here, there was no deceptive conduct by defendant, nor was there a fiduciary relationship. Further, a party cannot claim fraud if the party could have, with due diligence, discovered a defect *(Rodas v Manitaras,* 159 AD2d 341). As plaintiff allegedly discovered the existence of an elevator, its existence could have been discovered with due diligence prior to execution of the contract.

Further, as the facts herein were not peculiarly within the knowledge of defendant, the specific merger clause in the contract barred plaintiff from claiming fraudulent inducement *(Danann Realty Corp. v Harris,* 5 NY2d 317, 320). In addition, where the contract of sale makes a seller responsible only for violations of record, the seller is not responsible for violations

not noted *(Reich v Rosenblatt,* 279 App Div 561, *affd* 303 NY 891). Thus, even if defendant had failed to obtain a permit for removal of an elevator, such failure would not render the title unmarketable because there was no notice of violation *(see, Salsone v Sanzone,* 212 NYS2d 492, 493).

Defendant gave plaintiff notice that time was of the essence with respect to the closing in a clear and unequivocal manner, and gave plaintiff reasonable time to fulfill its obligations. Thus time was properly deemed of the essence *(see, Woodwork Display Corp. v Plagakis,* 137 AD2d 809). By refusing to close on the given day plaintiff cannot now complain that defendant terminated the contract and retained the downpayment *(Cooper v Bosse,* 85 AD2d 616). Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.