■ Joseph Yerushalmi et al., Respondents, v Barbara Monroe, Individually and as Executrix of Helen Harris, Deceased, et al., Appellants.—In an action to recover damages for breach of contract, fraud, and conspiracy, the defendant Barbara Monroe, as Executrix of the Estate of Helen Harris, appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated June 1, 1990, which denied her motion to dismiss the complaint insofar as it is asserted against her pursuant to CPLR 3211 (a) (7) and CPLR 3212.

Ordered that on the court's own motion, Barbara Monroe, as Executrix of the Estate of Helen Harris, is substituted for Helen Harris as a party defendant, and the caption is amended accordingly; and it is further,

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as it is asserted against the appellant is dismissed, and the action against the remaining defendants is severed.

The plaintiffs, who purchased a parcel of property from the defendants Barbara Monroe and Jay Monroe in 1983, seek damages because the parcel proved to have less frontage than was required by the applicable zoning ordinance and the plaintiffs found it necessary to obtain a variance when they sought to make an addition to the dwelling which stood on the property. It appears that in 1975, the defendant Barbara Monroe divided her property into two parcels without obtain-

ing municipal approval and transferred one of them to Helen Harris, her mother, apparently for inadequate consideration. Monroe's subdivision of her property rendered substandard the parcel transferred to the plaintiffs eight years later. Moreover, Helen Harris conveyed her parcel to a third party in an arms-length transaction in 1981, two years before the transaction underlying this litigation.

Breach of contract and breach of warranty theories are interposed against the defendants Monroe. Helen Harris, however, was named as a codefendant only in the third cause of action, grounded in conspiracy to commit the tort of fraudulent concealment. The plaintiffs allege that all three defendants conspired to conceal that the parcel the plaintiffs purchased did not conform to the applicable zoning requirements. We conclude, however, that the plaintiffs have no cause of action against Helen Harris and, accordingly, reverse the order denying her motion to dismiss the complaint insofar as it is asserted against her.

We note that there is no substantive tort of conspiracy *(see, Alexander & Alexander v Fritzen,* 68 NY2d 968; *Goldstein v Siegel,* 19 AD2d 489). With respect to the underlying tort of fraudulent concealment, there are here no facts from which to conclude that any special relationship existed so as to give rise to a duty to disclose *(see, Cohen Agency v Perlman Agency,* 114 AD2d 930, 931; *see also, County of Westchester v Becket Assocs.,* 102 AD2d 34, 50-51). Furthermore, although Helen Harris was a party to a transaction that created two substandard parcels, that transaction was concealed from no one. Indeed, the contract between the plaintiffs and the defendants Monroe provides for a survey to accurately fix the lot lines of the parcel the plaintiffs purchased in light of the transfer of the contiguous parcel to the third party, and the zoning ordinance is not a matter peculiarly within the knowledge of the defendants *(cf., Dunkin' Donuts v Liberatore,* 138 AD2d 559; *DiFilippo v Hidden Ponds Assocs.,* 146 AD2d 737). There is thus no view of the facts upon which a finding of liability as to Helen Harris could be premised. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.