■ KAY F. LOPATA, Respondent, v IRA L. LOPATA, Appellant. [602 NYS2d 46] —Judgment, Supreme Court, New York County (David Saxe, J.), entered December 8, 1992, awarding plaintiff maintenance arrears against defendant, unanimously affirmed, without costs. Defendant's appeal from the order entered November 27, 1992, granting plaintiff's motion for summary judgment is unanimously dismissed as subsumed within the appeal from the judgment, without costs.

In light of the separation agreement providing for termination of support and maintenance only upon plaintiff's remarriage, defendant's assertion that he saw the personal effects of a man in plaintiff's apartment, and his second hand account of an investigation conducted by an undisclosed detective at an

undisclosed time, did not raise genuine issues of fact barring summary judgment. To defeat plaintiff's motion, it was incumbent upon defendant to come forward with proof of plaintiff's alleged remarriage in evidentiary form, but defendant's statements based on personal knowledge, if credited, would establish no more than cohabitation, and his statements about the claimed investigation are an amalgam of inadmissible hearsay. These deficiencies in defendant's affidavit are not remedied by his claim that the facts are in plaintiff's exclusive possession *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669).

We also find that defendant's defense and counterclaim for reformation based upon mistake were properly dismissed as barred by the six-year Statute of Limitations (CPLR 213 [6]; *see, Metcalf v Metcalf,* 196 Misc 842, *affd* 276 App Div 1068). Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.