■ JOSEPH LAND, Appellant, v HYACINTH W. WESLEY, Respondent. [625 NYS2d 236] —In an action for a judgment declaring that the plaintiff possesses a life estate in the subject real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated October 21, 1993, which (1) denied his motion for summary judgment and to consolidate the action with a proceeding entitled *Wesley v Land* pending in the Civil Court of the City of New York, Kings County, and (2) vacated a temporary restraining order precluding his eviction.

Ordered that the order is affirmed, with costs.

In May 1989 the defendant commenced a proceeding in the Civil Court of the City of New York, Kings County, to evict the plaintiff from certain real property of which the defendant is the owner. The plaintiff commenced a separate action seeking, *inter alia,* to have a constructive trust imposed upon the property, claiming that he had transferred the property to the defendant in the 1970's to avoid a State tax liability and that the defendant had agreed that he would remain the owner and the defendant would transfer the property to him upon demand. That action to impose a constructive trust was consolidated with the Civil Court proceeding. Ultimately, the action to impose constructive trust was dismissed on Statute of Limitations grounds, and the Civil Court proceeding was severed.

Thereafter, the plaintiff commenced the instant action seeking a declaration that he holds a life estate in the property based upon essentially the same facts as he had previously alleged in the constructive trust action. That is, the plaintiff

contends that the transfer of the property from himself to the defendant was in name only and that he was to maintain control of the property and receive all income from the property. This, the plaintiff contends, constitutes a life estate in the property. Using the transactional analysis approach, the Supreme Court held that the instant action is barred by the doctrine of res judicata. We now affirm.

The plaintiff's declaratory judgment action is based upon the same gravamen of wrong as the previous constructive trust action. Thus, regardless of the variations in the facts alleged or the number of substantive theories, or the different remedies sought, the cause of action is the same as the cause of action in the previously dismissed complaint *(see, Matter of Reilly v Reid,* 45 NY2d 24, 28-29; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193; *O'Brien v City of Syracuse,* 54 NY2d 353, 357). The plaintiff's reliance on *Smith v Kirkpatrick* (305 NY 66), in asserting that his present cause of action is based on a quantum meruit theory involving different elements of proof, is unavailing. "[T]he circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions" *(O'Brien v City of Syracuse, supra,* at 358 [expressly overruling *Smith v Kirkpatrick, supra,* to the extent that it is to the contrary]).

We have examined the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.