■ LAKE ANNE HOMEOWNERS ASSOCIATION, Respondent-Appellant, v LAKE ANNE REALTY CORP. et al., Appellants-Respondents, et al., Defendants. [632 NYS2d 811] —In an action, *inter alia*, for a judgment declaring that certain agreements entered into between the predecessor of the defendant Lake Anne Realty Corp. and the individual members of the plaintiff Lake Anne Homeowners Association were assignable installment sales contracts and not lease agreements, the defendants Lake Anne Realty Corp. and Marvin Greene appeal from so much of an order of the Supreme Court, Orange County (Owen, J.), dated July 11, 1994, as denied their cross motion to dismiss the complaint, and the plaintiff cross-appeals from so much of the same order as denied its motion for a preliminary injunction.

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff contends that "[i]n 1977 and 1978, [the corporate defendant's predecessor] Country Lake Homes, Inc., the then-owner of 53 'bungalow' units * * * on a single tax lot * * * developed a scheme of marketing these bungalow units for long term occupancy". The plaintiff alleges that this "scheme" called for the execution of what were characterized as leases. These leases allegedly provided for four successive 20-year terms, and also provided for payment of all of the consideration due to the landlord (other than a nominal fee of $10 per year) within the first three to five years of the first of the four 20-year terms. The tenants were required to become members of a homeowners' association which would administer "the common elements which support the community", and the tenants were responsible for the payment of real estate

taxes, and the costs connected with water usage, sewer disposal, road maintenance, and other common elements.

In its complaint, the plaintiff sought, *inter alia*, a judgment declaring that the leases referred to above were in substance, albeit not in form, "assignable installment sales contract[s]". In support of their various affirmative defenses, the appellants alleged that the plaintiff had had notice of all the essential facts needed to properly plead its claims since 1976 or 1977, the plaintiff was guilty of laches, the plaintiff's claims were time-barred, and the plaintiff's claims were barred pursuant to the doctrine of res judicata. With respect to the latter affirmative defense, the appellants alleged that a prior order of the Supreme Court, rendered in a different case (*see, Levy v Country Lake Homes*, 133 AD2d 70) should be given preclusive effect.

The complaint in the *Levy* action (*supra*) purported to state causes of action on behalf of a class consisting of "106 persons who are tenants under written leases * * * [and who] occupy 46 buildings [on defendant's property]". In the *Levy* action, the plaintiff class sought a declaratory judgment interpreting "the rights of the class members to the relief sought under and pursuant to leases given to each of them by the defendants".

The appellants have demonstrated their entitlement to judgment as a matter of law based on their Statute of Limitations and res judicata defenses (*see*, CPLR 3211 [a] [5]). The plaintiff's claim was not interposed within 6 years of its accrual, and is time-barred irrespective of whether it is considered one for declaratory judgment (*see*, CPLR 213 [1]; *Janiak v Town of Greenville*, 203 AD2d 329; *145 Kisco Ave. Corp. v Dufner Enters.*, 198 AD2d 482; *Amerada Hess Corp. v Acampora*, 109 AD2d 719) or one for reformation of the leases (*see*, CPLR 213 [6], [2]; *Matter of Wallace v 600 Partners Co.*, 205 AD2d 202; *Lopata v Lopata*, 196 AD2d 741; *Arrathoon v East N. Y. Sav. Bank*, 169 AD2d 804). We also find that the central issue raised in the present case could have been litigated in the *Levy* action, and that the present action is barred by the doctrine of res judicata (*see, O'Brien v City of Syracuse*, 54 NY2d 353; *Smith v Russell Sage Coll.*, 54 NY2d 185; *Joem Intl. v Swedwall, Inc.*, 215 AD2d 530; *Land v Wesley*, 214 AD2d 540). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.