■ Sylvan Lawrence Company, Inc., Appellant-Respondent, v Mutual of America Life Insurance Company, Inc., Respondent-Appellant. [633 NYS2d 786] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 7, 1994, which granted defendant's motion to the extent it sought summary judgment dismissing the complaint but denied that part seeking costs and attorneys' fees, unanimously affirmed, with costs to defendant.

There was no agreement pursuant to which defendant would be obligated to pay plaintiff a commission for assisting it in relocating its headquarters. Plaintiff had merely introduced defendant to the subject building in 1989 in an attempt to negotiate a lease, but the deal did not materialize. Plaintiff took no part in the ultimate negotiations or procurement of the sale of the property in 1991-1992. Therefore, the IAS Court properly dismissed the cause of action for breach of contract (*see, Gabrielli v Cornazzani*, 135 AD2d 340).

The court also properly dismissed the fraud cause of action as there was neither a contractual nor fiduciary relationship between the parties. Defendant had no duty to inform plaintiff of its subsequent decision to purchase the building (*see, Yerushalmi v Monroe*, 185 AD2d 841, 842). Plaintiff's naked allegations of defendant's "bad faith" lack any evidentiary support and are insufficient to raise a triable issue of fact.

Denial of defendant's request for costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 (c) (1) and (2) was not an improvident exercise of discretion. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.