■ WENDY E. LEVINE, Appellant, v LUCILLE YOKELL, Individually and as a Member of the BOARD OF DIRECTORS OF 136 EAST

56TH STREET OWNERS, INC., et al., Respondents, et al., Defendants. [665 NYS2d 962] —Order, Supreme Court, New York County (Herman Cahn, J.), entered November 15, 1996, which, insofar as appealed from, granted defendants cooperative's and managing agent's motion to dismiss the complaint as against them for failure to state a cause of action, unanimously affirmed, without costs.

The causes of action against the cooperative for tortious interference with contract were properly dismissed, the only interference alleged being its refusal to approve plaintiff's application to purchase the subject apartment, a contingency specifically contemplated in the contract of sale. Plaintiff's fraud claims, which are based on nondisclosure of the fact that the individual defendant who had shown plaintiff the subject apartment and represented herself to be a broker was on the cooperative's board of directors, were properly dismissed in absence of a confidential relationship between the parties (see, Moser v Spizzirro, 31 AD2d 537, affd 25 NY2d 941), even if materiality and the other elements of fraud be assumed.

We have considered plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.