■ SHOMAR CONSTRUCTION SERVICES, INC., Respondent, v LAWMAN CONSTRUCTION COMPANY, INC., et al., Appellants, et al., Defendant. [693 NYS2d 784] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of plaintiff's motion seeking summary judgment on the third cause of action. Plaintiff established that defendant Lawman Construction Company, Inc. (Lawman) breached its liquidation agreement with plaintiff by failing to present plaintiff's claim to defendant City of Syracuse (City), and plaintiff is entitled to damages arising from that breach. The court also properly granted that part of plaintiff's motion seeking summary judgment on the sixth cause of action. Even if there were no breach of the agreement by Lawman, plaintiff is entitled to summary judgment on its cause of action against defendant United States Fidelity & Guaranty Company (USF&G), the subrogee of Lawman. The settlement agreement between the City, Lawman, USF&G and others provides for the payment of an unallocated $290,000 to USF&G in settlement of its claims as subrogee of Lawman as well as its claims for reimbursement for completion of the project under its performance bond. Because USF&G failed to raise an issue of fact concerning what amount, if any, of the payment is allocated to reimbursement for completion of the contract, plaintiff is entitled to judgment for the full amount claimed.

The court erred, however, in denying that part of the cross motion of Lawman and USF&G for summary judgment dismissing the remaining causes of action. The liquidation agreement between plaintiff and Lawman was a novation, extinguishing all of plaintiff's pending claims as subcontractor to Lawman and superseding that subcontract (see, Old Oak Realty v Polimeni, 232 AD2d 536, 537; Goldome Corp. v Wittig, 221 AD2d 931, 932-933; Town & Country Linoleum & Carpet Co. v Welch, 56 AD2d 708). Thus, plaintiff's sole remedy is to seek enforcement of the liquidation agreement, requiring dismissal of the first and second causes of action, seeking to foreclose plaintiff's mechanic's liens; the fourth cause of action, seeking a declaration that plaintiff's releases and stipulations

of discontinuance are null and void; and the fifth and seventh causes of action, seeking to recover on the payment bond executed by USF&G as surety. The eighth cause of action fails to state a cause of action. That cause of action alleges that USF&G failed to inform plaintiff, before plaintiff entered into the liquidation agreement, that USF&G had entered into the takeover agreement. Plaintiff alleges that it would not have entered into the liquidation agreement had it known that USF&G was subrogated to Lawman's right to receive the balance of the contract funds held by the City. As a general rule, in the absence of a confidential or fiduciary relationship, mere silence, unaccompanied by some deceptive act, is not actionable as fraud (*see, Moser v Spizzirro*, 31 AD2d 537, *affd* 25 NY2d 941; *Levine v Yokell*, 245 AD2d 138; *East 15360 Corp. v Provident Loan Socy.*, 177 AD2d 280, 281). Moreover, because Lawman's claims against the City for breach of contract and damages due to delay were preserved by the takeover agreement, plaintiff's alleged ignorance of the agreement is immaterial.

We modify the order, therefore, by granting the cross motion in part and dismissing the first, second, fourth, fifth, seventh and eighth causes of action. (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.