■ F.A.S.A. CONSTRUCTION CORPORATION, Respondent, v JAN DEGENSHEIN et al., Appellants. [850 NYS2d 612]—

In an action to recover damages for fraud and breach of contract, the defendants appeal from an order of the Supreme Court, Orange County (Alessandro, J.), dated September 25, 2006, as amended by an order of the same court dated October 11, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order, as amended, is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In 1998 the plaintiff purchased a parcel of property from the defendant Gilbert Estates, LLC, for the sum of $630,000. A rider to the contract of sale provided that "[s]eller represents that the subdivision maps have been filed in the Orange County Clerk's Office and that said subdivision map contains no less than twenty (20) approved, buildable lots for single family residence dwellings." Another provision of the contract stated that the property was sold and conveyed subject to the subdivision map, which had been filed on February 7, 1997.

Shortly after the closing on the sale of the property, the plaintiff was informed by the Village of Monroe Planning Board (hereinafter the Planning Board) that the subdivision map was stale and invalid, and that in order to subdivide the property, new approval would be required. In addition, since, before the contract for the sale of the property had been entered into, the Village of Monroe's zoning ordinances had been amended to increase minimum lot size, the plaintiff learned that the property could not be subdivided into 20 lots, as contemplated by the subdivision map referenced in the parties' contract.

After this Court affirmed the dismissal of the plaintiff's complaint against the Village, seeking to estop it from denying the validity of the subdivision map (*see F.A.S.A. Constr. Corp. v Village of Monroe*, 14 AD3d 532 [2005]), the plaintiff sold the property for the sum of $1,250,000, and commenced this action against the seller, Gilbert Estates LLC, and its individual members, alleging causes of action to recover damages for fraud and breach of contract.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action. It is clear from the contract that the seller made no representation as to the validity of the filed map (*see Zaug v Dwyer/Berry Constr. Corp.*, 152 AD2d 565, 566 [1989]). Additionally, the plaintiff's breach of contract cause of action is barred by the merger clause contained in a rider to the contract (*see Davis v Weg*, 104 AD2d 617, 619 [1984]).

The fraud causes of action also should have been dismissed. To the extent that the plaintiff claims the defendants failed to inform it of the change in the Village's zoning ordinance, it is evident that this was a matter of public knowledge that the plaintiff, a real estate developer, itself could have ascertained, through the exercise of ordinary diligence, had it made inquiry before entering into the contract of sale (*see Auchincloss v Allen*, 211 AD2d 417 [1995]; *DiFilippo v Hidden Ponds Assoc.*, 146 AD2d 737, 738 [1989]). Therefore, as matter of law, the plaintiff cannot establish justifiable reliance upon any alleged misrepresentations concerning the applicable zoning ordinances (*see Eisenthal v Wittlock*, 198 AD2d 395 [1993]).

To the extent that the claimed fraud was the misrepresentation of the number of buildable lots on the property, the provision of the contract that the filed subdivision map "contains no less than twenty (20) approved, buildable lots," was neither an affirmation of an event which, when made, the defendants knew would not occur, nor an assertion of facts exclusively within the defendants' knowledge (*see Lane v McCallion*, 166 AD2d 688, 690 [1990]; *Levy v Country Lake Homes*, 133 AD2d 70, 71 [1987]). Rather, the decision of the Planning Board to invalidate the subdivision map, made after the closing on the sale of the property, was a matter completely beyond the defendants' control (*see Lane v McCallion*, 166 AD2d 688 [1990]).

In light of our determinations, the parties' remaining contentions need not be reached. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.