■ Manti's Transportation, Inc., et al., Respondents-Appellants, v C.T. Lines, Inc., Doing Business as Campus Coach, et al., Appellants-Respondents. [892 NYS2d 432]—

This action arises out of a contract of sale under which the plaintiff Manti's Transportation, Inc. (hereinafter MTI), purchased two buses from the defendant C.T. Lines, Inc., doing business as Campus Coach (hereinafter CT Lines). The transaction was financed by Associates Commercial Corporation (hereinafter Associates), a nonparty. At the instruction of Associates and the plaintiffs, CT Lines delivered to Associates the documentation necessary to obtain certificates of title to the vehicles in MTI's name, and the vehicles were left in the possession of CT Lines until title, license plates, and insurance could be obtained on MTI's behalf. Associates, however, failed to deliver the documents to the New York State Department of Motor Vehicles and MTI never obtained title to the vehicles, and never attempted to retrieve them from CT Lines's lot.

The defendants established their prima facie entitlement to judgment as a matter of law on the first cause of action alleging fraudulent inducement because they demonstrated that they did not make any material misrepresentations that induced the plaintiffs to enter into the contract of sale to their detriment (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]; *Brannigan v Board of Educ. of Levittown Union Free*

*School Dist.,* 18 AD3d 787, 788 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. The defendants' mere offer to sell the plaintiffs the buses and their acceptance of the purchase price cannot reasonably be interpreted, as the plaintiffs contend, to constitute a representation that Associates would obtain title in MTI's name and deliver those documents to the plaintiffs.

The defendants also established their prima facie entitlement to judgment as a matter of law with respect to the second and fourth causes of action alleging fraudulent concealment because they demonstrated that there was no fiduciary or confidential relationship between the parties which would impose a duty upon the defendants to disclose material information (*see Barrett v Freifeld,* 64 AD3d 736, 738 [2009]; *E.B. v Liberation Publs.,* 7 AD3d 566, 567 [2004]; *Shomar Constr. Servs. v Lawman Constr. Co.,* 262 AD2d 956, 957 [1999]; *Lane v McCallion,* 166 AD2d 688, 691 [1990]; *County of Westchester v Welton Becket Assoc.,* 102 AD2d 34, 50-51 [1984], *affd* 66 NY2d 642 [1985]; *Moser v Spizzirro,* 31 AD2d 537 [1968]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the implied covenant of good faith and fair dealing inhering in the contract of sale (*see Dalton v Educational Testing Serv.,* 87 NY2d 384, 389 [1995]) does not create "a special relationship between two parties to a contract" which would give rise to a duty to disclose material information (*George Cohen Agency v Donald S. Perlman Agency,* 114 AD2d 930, 931 [1985]; *see Shomar Constr. Servs. v Lawman Constr. Co.,* 262 AD2d at 957). Additionally, with respect to the fourth cause of action, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that their use of the vehicles did not constitute "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it" (*Orlando v Kukielka,* 40 AD3d 829, 831 [2007]; *see Lama Holding Co. v Smith Barney,* 88 NY2d at 421). In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' fifth cause of action alleging tortious interference with prospective business relations because they demonstrated that they did not engage in conduct that "amount[ed] to a crime or an independent tort" or that was done "for the sole purpose of inflicting intentional harm on plaintiffs" (*Carvel Corp. v Noonan,* 3 NY3d 182, 190 [2004] [internal quotation marks and citation

omitted]; *see NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614, 624 [1996]; *Caprer v Nussbaum,* 36 AD3d 176, 204 [2006]; *Glen Cove Assoc. v North Shore Univ. Hosp.,* 240 AD2d 701, 702 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendants also demonstrated their prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' sixth cause of action alleging that the defendant Bertram J. Askwith, also known as Mike Long, an officer of CT Lines, interfered with the contract of sale between MTI and CT Lines. The defendants demonstrated that Askwith was acting, at all times, on behalf of CT Lines and within the scope of his authority (*see Lutz v Caracappa,* 35 AD3d 673, 674 [2006]; *Cunningham v Lewenson,* 294 AD2d 327 [2002]; *Kartiganer Assoc. v Town of New Windsor,* 108 AD2d 898, 899 [1985]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rather, they concede that Askwith was acting "as principal of CT Lines" when he allegedly induced CT Lines to breach its contract.

The Supreme Court properly dismissed the plaintiffs' third cause of action, which is predicated solely on the defendants' alleged violation of Vehicle and Traffic Law § 392, as the defendants demonstrated their prima facie entitlement to summary judgment with respect thereto. That statute does not expressly create a private right of action. Nor does application of the test created in *Burns Jackson Miller Summit & Spitzer v Lindner* (59 NY2d 314, 324 [1983]) lead to the conclusion that the statute implies the existence of a private right of action. The provision of the statute which the defendants are accused of violating essentially prohibits the making of a false statement to a public official. In short, violation of this proscription is not a private wrong, but a public one (*cf. Henry v Isaac,* 214 AD2d 188, 191-193 [1995] [private right of action exists under statutes pertaining to the operation of adult care facilities in favor of individual residents in whose benefit the laws "directly and personally" inure, and whose well-being is "directly and adversely affect(ed)" by any violations]). In other words, the most reasonable interpretation of the statute at issue is that it was "intended as a general police regulation, and the violation made punishable solely as a public offense" (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d at 324 [internal quotation marks omitted]; *cf. CPC Intl. v McKesson Corp.,* 70 NY2d 268, 277 [1987]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Fisher,

J.P., Angiolillo, Lott and Sgroi, JJ., concur.