■ FIRST KEYSTONE CONSULTANTS, INC., et al., Plaintiffs, v DDR CONSTRUCTION SERVICES et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendant/Third-Party Plaintiff. SCHLESINGER ELECTRICAL CONTRACTORS, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [904 NYS2d 113]—

In an action, inter alia, for a judgment declaring, among other things, that the defendants are not entitled to the net profits of a certain joint venture, the defendants/third-party plaintiffs DDR Construction Services, Clifford R. Weiner, and Debbie Ann Weiner appeal from so much of an order of the Supreme Court, Queens County (Hart, J.), entered October 23, 2009, as granted that branch of the motion of the third-party defendant Schlesinger-Siemens Electrical, LLC, which was to dismiss the second amended third-party complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7), and denied that branch of their cross motion which was to appoint a referee, inter alia, to conduct an accounting of the third-party defendants SFD Associates and Schlesinger-Siemens Electrical, LLC.

Ordered that the appeal by the defendants/third-party plaintiffs Clifford R. Weiner and Debbie Ann Weiner is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the cross motion which was to appoint a referee to conduct an accounting of the third-party defendant SFD Associates, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from by the defendant/third-party plaintiff DDR Construction Services, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), if the documentary evidence submitted by the defendant 'utterly refutes [the] plaintiff's factual allegations' and conclusively establishes a defense to the asserted claims as a matter of law, the motion may be granted (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Further, on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must determine whether, accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference, the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994])" (*Hallman v Kantor*, 72 AD3d 895, 896 [2010]).

The Supreme Court properly granted that branch of the motion of the third-party defendant Schlesinger-Siemens Electrical, LLC (hereinafter SSE), which was to dismiss the third-party cause of action alleging a breach of fiduciary duty insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7). A fiduciary relationship is "necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions. Generally, where parties have entered into a contract, courts look to that agreement to discover . . . the nexus of [the parties'] relationship and the particular contractual expression establishing the parties' interdependency. If the parties . . . do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them. However, it is fundamental that fiduciary liability is not dependent solely upon an agreement or contractual relation between the fiduciary and the beneficiary but results from the relation" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-20 [2005] [internal quota-

tion marks and citations omitted]). The second amended third-party complaint failed to plead facts evincing the existence of a relationship between the defendant/third-party plaintiff DDR Construction Services (hereinafter DDR) and SSE that involved "a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (*id.*). Although the second amended third-party complaint alleged that SSE owed DDR a fiduciary duty by virtue of their purported status as joint venturers, that pleading failed to allege facts sufficient to make out a claim that SSE agreed to share, with DDR, the profits and losses of certain contracts awarded to SSE by the New York City Department of Environmental Protection (*see Rocchio v Biondi*, 40 AD3d 615, 616 [2007]; *Latture v Smith*, 1 AD3d 408, 408-409 [2003]; *Ackerman v Landes*, 112 AD2d 1081, 1082 [1985]). Additionally, the documentary evidence, which included SSE's operating agreement, conclusively established that DDR was not a member of SSE. The documentary evidence also included an agreement forming the third-party defendant SFD Associates (hereinafter the SFD Joint Venture Agreement), in which DDR is a partner. That agreement established that SSE was not a partner in SFD Associates.

DDR's argument that it was an intended third-party beneficiary of the SSE operating agreement was also refuted by the documentary evidence, since the operating agreement stated, in a paragraph entitled "No Third Party Beneficiaries," that the parties to the agreement "do not intend to confer any benefit under this Agreement on anyone other than the parties, and nothing contained in this Agreement will be deemed to confer any such benefit on any other person" (*see Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 368-369 [2006]).

The Supreme Court also properly granted that branch of SSE's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the third-party cause of action alleging the aiding and abetting of a breach of fiduciary duty insofar as asserted against it. "A cause of action [to recover damages] for aiding and abetting breach of fiduciary duty merely 'requires a prima facie showing of a fiduciary duty owed to plaintiff . . . a breach of that duty, and defendant's substantial assistance . . . in effecting the breach, together with resulting damages' (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 11 [1st Dept 2008]; *Kaufman v Cohen*, 307 AD2d 113, 125 [2003])" (*Yuko Ito v Suzuki*, 57 AD3d 205, 208 [2008]). The second amended third-party complaint merely alleges that SSE knew of a purported breach of fiduciary duty and allowed it to occur.

Such allegations do not support a claim of aiding and abetting where, as here, "[SSE] owes [no] fiduciary duty directly to [DDR]" (*Kaufman v Cohen*, 307 AD2d at 126).

Additionally, a confidential or fiduciary relationship is a necessary element for the imposition of a constructive trust (*see Rocchio v Biondi*, 40 AD3d at 616). Since no fiduciary relationship exists between DDR and SSE, the Supreme Court properly granted that branch of SSE's motion which was to dismiss the third-party cause of action to impose a constructive trust insofar as asserted against it.

The Supreme Court also properly granted that branch of SSE's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party cause of action to recover damages for unfair competition insofar as asserted against it, inasmuch as the second amended third-party complaint failed to allege SSE's bad faith misappropriation of a commercial advantage belonging exclusively to DDR (*see Precision Concepts v Bonsanti*, 172 AD2d 737 [1991]; *Davis & Co. Auto Parts, Inc. v Allied Corp.*, 651 F Supp 198, 203 [1986], citing *Saratoga Vichy Spring Co. v Lehman*, 625 F2d 1037, 1044 [1980]; *Metropolitan Opera Assn., Inc. v Wagner-Nichols Recorder Corp.*, 279 App Div 632 [1951]).

The Supreme Court also properly granted that branch of SSE's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party cause of action alleging fraud insofar as asserted against it. The second amended third-party complaint merely contained allegations that SSE knew about a purported fraudulent scheme to oust DDR from SFD Associates, and failed to disclose it. The mere nondisclosure of a material fact, unaccompanied by some deceptive act, does not constitute fraud absent a confidential or fiduciary relationship (*see Shomar Constr. Servs. v Lawman Constr. Co.*, 262 AD2d 956, 957 [1999]; *Levine v Yokell*, 245 AD2d 138 [1997]; *East 15360 Corp. v Provident Loan Socy. of N.Y.*, 177 AD2d 280 [1991]; *Lane v McCallion*, 166 AD2d 688, 691 [1990]; *County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 50-51 [1984], *affd* 66 NY2d 642 [1985]; *Moser v Spizzirro*, 31 AD2d 537 [1968], *affd* 25 NY2d 941 [1969]). Further, the second amended third-party complaint contains no allegations of fact from which it could be inferred that SSE agreed to cooperate in a fraudulent scheme to oust DDR from SFD Associates. Thus, the second amended third-party complaint failed to state a cause of action against SSE sounding in conspiracy to commit fraud (*see Agostini v Sobol*, 304 AD2d 395, 396 [2003]; *National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1987]). Accordingly, the Supreme Court properly dismissed the third-party cause of action alleging conspiracy to commit fraud insofar as asserted against SSE.

The Supreme Court also properly granted that branch of SSE's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party cause of action alleging tortious interference with contract insofar as asserted against it. Active and intentional procurement of a breach is an essential element of a cause of action alleging tortious interference with contract (see *Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313, 314 [1995]). The second amended third-party complaint contained no allegations of fact from which it could be inferred that SSE committed any acts, intentional or otherwise, to procure the breach of the SFD Joint Venture Agreement.

Contrary to the DDR's contention, the Supreme Court also properly granted that branch of SSE's motion which was to dismiss the third-party cause of action alleging unjust enrichment insofar as asserted against it, inasmuch as the second amended third-party complaint alleged only that the third-party defendants Schlesinger Electrical Contractors, Inc., and Jacob Levita were unjustly enriched on account of the benefits conferred upon them by DDR.

The Supreme Court improvidently exercised its discretion in denying that branch of the cross motion of the defendants/third-party plaintiffs which was to appoint a referee to conduct an accounting of the third-party defendant SFD Associates. For reasons that are not clear from the record before this Court, the referees appointed by the Supreme Court in its prior orders dated June 4, 2008, and July 23, 2008, respectively, never conducted such an accounting. DDR was a partner in SFD Associates, and is entitled to an accounting of that joint venture (see *Wesselmann v International Images*, 259 AD2d 448 [1999]; *Grossman v Laurence Handprints-N.J.*, 90 AD2d 95, 104-105 [1982]).

DDR's remaining contentions are without merit. Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur. **[Prior Case History: 25 Misc 3d 1217(A), 2009 NY Slip Op 52166(U).]**