■ ALBERTO SPINELLI et al., Plaintiffs/Counterclaim Defendants, v NIKOLLA IVEZAJ et al., Defendants/Counterclaim Plaintiffs-Appellants, et al., Defendant. ADAM KAUFMAN, Additional Counterclaim Defendant-Respondent. [919 NYS2d 909]—

In an action to foreclose a mortgage, the defendants/counterclaim plaintiffs appeal from an order of the Supreme

Court, Westchester County (Loehr, J.), entered April 8, 2010, which granted the motion of the additional counterclaim defendant Adam Kaufman for summary judgment dismissing the counterclaim insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Nikolla Ivezaj and Anto Ivezaj (hereinafter together the Ivezajs) purchased certain property from the plaintiffs after having allegedly been assured by the plaintiffs and Adam Kaufman, the Director of Planning for the Town of North Castle, that they could operate a limousine service on the subject property. As part of the transaction, the Ivezajs gave the plaintiffs a purchase money mortgage. According to Nikolla Ivezaj, the Planning Board of the Town of North Castle (hereinafter the Planning Board) subsequently denied the Ivezajs' application to operate a limousine service on the subject property. After the plaintiffs commenced this action to foreclose on their purchase money mortgage, the Ivezajs asserted a counterclaim against the plaintiffs and Kaufman sounding in fraud.

The Supreme Court properly granted Kaufman's motion for summary judgment dismissing the counterclaim insofar as asserted against him. Kaufman made a prima facie showing of his entitlement to judgment as a matter of law by demonstrating that the Ivezajs' reliance on his alleged misrepresentation was unreasonable as a matter of law (*see East End Cement & Stone, Inc. v Carnevale*, 73 AD3d 974, 975 [2010]; *Colasacco v Robert E. Lawrence Real Estate*, 68 AD3d 706, 708 [2009]; *F.A.S.A. Constr. Corp. v Degenshein*, 47 AD3d 877, 879 [2008]). The Ivezajs were represented by counsel in connection with their purchase of the subject property. The fact that the Ivezajs would need approval from the Planning Board, of which Kaufman was not a member, in order to operate a limousine service on the subject property, was a matter of public record. In opposition, the Ivezajs failed to raise a triable issue of fact.

In light of our determination, we need not reach Kaufman's remaining contention. Covello, J.P., Hall, Lott and Cohen, JJ., concur.