Per Curiam.

Defendant Waldenmaier’s motion for summary judgment was granted on the ground that the action was commenced by plaintiff funeral parlor more than four years after the funeral involved (Uniform Commercial Code, § 2-725). The essence of the contractual relationship between the plaintiff and defendants is one in which service predominates and the furnishing of a casket was but an incidental feature of the transaction. Thus, the transaction is not a sale within the ambit of the Uniform Commercial Code (Perlmutter v Beth David Hosp., 308 NY 100; Ben Constr. Corp. v Ventre, 23 AD2d 44; Schnectady Steel Co. v Trimpoli Constr., 43 AD2d 234; Wise & Co. v Rand McNally & Co., 195 F Supp 621 [SDNY, 1961], but one for services. The six-year Statute of Limitations applies to such a transaction (CPLR 213).
Order entered November 7, 1974 (Nolan, J.) reversed, with $10 costs against defendant Waldermaier and motion to dismiss the complaint and cross complaint denied in all respects.
Concur: Markowitz, P. J., Frank and Dudley, JJ.