OPINION OF THE COURT
Harold H. Hymes, J.
On September 12, 1973, the plaintiff purchased from the *720 defendant a 1973 Ford Torino automobile. Included in the price was the sum of $90 for the application of rustproofing material to the new automobile. At the time of the delivery of the automobile, the plaintiff received a warranty from the manufacturer of the rustproofing material.
Pursuant to the terms of that warranty, the plaintiff returned to the defendant for a reinspection of the rustproofing on September 15, 1975. This warranty ran for a five-year period from the date of application.
In April, 1978, the plaintiff noticed that several parts of the automobile body were rusting. These areas were in the left rear door and fender, inside the trunk and the wheel wells on the right rear door. Rust also appeared on the right front door, the left front door, the left front fender and the left and right rear quarter panels. This rust started on the inside of the fenders, doors and body, where the surfaces were supposed to be rustproofed.
The plaintiff contacted the Ford Motor Company, who disclaimed. The manufacturer of the corrosion proofing sent a representative to inspect the automobile. In overhearing a conversation between a representative from the chemical company and the representative of the automobile dealer, the plaintiff learned that the rustproofing material had been improperly applied. The chemical company, therefore, refused to honor its warranty.
The plaintiff had his car inspected by another company which applies rustproofing material and discovered that many of the areas of the body that should have been covered by the rustproofing material were not so covered. It was these unprotected areas which had rusted. Testimony to this effect was presented in the trial.
The plaintiff sued in Small Claims Court for damages to repair his automobile, the cost of which is estimated to be $999.85. In court the defendant relied on the terms of the warranty and offered to refund to the plaintiff the sum of $90, which was the cost paid for the rustproofing. Under the terms of the warranty, the manufacturer "warrants and guarantees to the original owner that the metal surfaces coated with ECP Corrosion Proofing will not be structurally damaged by rust or corrosion for a period of 5 years from date of application”. The manufacturer further warrants that if such damage does occur during this period, it may either repair the damaged *721 portion free of charge or refund to the owner the cost of the rustproofing. The warranty also mentions the areas to which this material is to be applied, and it covers all of the areas which the plaintiff claims have rusted.
The court finds that the defendant cannot rely upon the terms of the warranty. The warranty applies only to those areas to which the corrosion proofing material has been applied. It is ineffectual as to the rust damage in areas to which the material was never applied.
Although the cost of rustproofing the automobile was included in the total sale price, the application of the corrosion proofing material was actually a separate and distinct contract between the plaintiff and the defendant. The defendant breached this contract by the improper application of the rustproofing. It further breached the contract by making an inadequate inspection for rust on the automobile two years after the material was originally applied.
The defendant has entered a defense not only under the terms of the warranty, but also claims the defense under section 2-719 of the Uniform Commercial Code, as "limiting the buyer’s remedies to the return of the goods and repayment of the price”. Defendant claims that under the warranty and this section of the Uniform Commercial Code, consequential damages have been limited.
Where the contract is for services, the transaction is not a sale within the provisions of the Uniform Commercial Code. "The code applies to transactions involving goods, but its provisions, as with its predecessor, the Uniform Sales Act, are not applicable to either 'service’ or 'construction’ contracts”. (Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234, 236; Perlmutter v Beth David Hosp., 308 NY 100; Joseph P. Suchy, Inc. v Stuerzel, 82 Misc 2d 40.)
For the same reason, the four-year Statute of Limitations under section 2-725 of the Uniform Commercial Code does not apply in this case. Instead, the six-year Statute of Limitations under CPLR 213 is applicable.
Having breached its contract to properly rustproof the plaintiff’s automobile, the defendant is liable for consequential damages. Judgment is awarded to the plaintiff in the sum of $999.85, together with disbursements.