■ In the Matter of the Arbitration between F.W. WOOL-WORTH Co., Appellant, and AD-MAT, INC., Respondent.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered June 25, 1991, which denied a CPLR 7503 application

to stay, as time-barred, an arbitration proceeding commenced by respondent Ad-Mat, Inc., unanimously affirmed, with costs.

Petitioner F.W. Woolworth Co. (Woolworth), a retail chain, argues the IAS court erroneously concluded that the parties' agreement, dated May 16, 1985, did not involve a sale, and that Ad-Mat's breach of contract claim was therefore not barred by the four year statute of limitations of Uniform Commercial Code § 2-725 (1). This claim has no merit.

According to the express terms of the contract, Woolworth granted Ad-Mat, an advertising agency, "the right to provide" it with placemats for its food service facilities "free of charge" as well as "the right to sell" advertising space on said placemats. The phrase "free of charge" is defined within the contract as meaning Ad-Mat would assume all costs related to the production of the placemats and their distribution to one of Woolworth's three central facilities and, further, that Woolworth would assume the cost related to chainwide distribution of the placemats. Woolworth is further obligated under the contract to discard all unused placemats at the end of each month and to substitute new placemats received from Ad-Mat each month.

Here, the contract on its face indicates Ad-Mat is not in the business of selling placemats, but rather, in providing retail chain stores with placemats to further Ad-Mat's advertising business. As the contract is predominantly one for the provision of a service, the six year contractual statute of limitations found in CPLR 213 (2) controls, as opposed to the UCC four year statute of limitations. (See, Levin v Hoffman Fuel Co., 94 AD2d 640, affd 60 NY2d 665.) Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.