■ CHARLES H. PLACE, Appellant, v SAMUEL GINSBURG et al., Respondents. [721 NYS2d 243] —In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the

Supreme Court, Putnam County (Hickman, J.), dated November 15, 1999, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff claims that an agreement to pay him additional executive compensation constituted meaningful participation in the defendants' real property development projects. However, there was no agreement concerning what would constitute meaningful participation. Even if there was such an agreement, it constituted an unenforceable agreement to agree (*see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Lazard Freres & Co. v First Natl. Bank,* 268 AD2d 294; *Parkway Group v Modell's Sporting Goods,* 254 AD2d 338).

The causes of action to recover in quantum meruit and to recover a brokerage commission were properly dismissed. The plaintiff did not present sufficient evidence to raise a material issue of fact concerning the reasonableness of his belief that he was entitled to additional compensation above and beyond his $95,000 salary or that there was an agreement, express or implied, that he would be paid a brokerage commission (*see, Zuckerman v City of New York,* 49 NY2d 557; *Ormond Park Realty v Round Hill Dev. Corp.,* 266 AD2d 523; *Umscheid v Simnacher,* 106 AD2d 380; *see also, Reisner v Recco Temporary Servs.,* 136 AD2d 686).

The cause of action to recover damages for fraud was properly dismissed. General allegations that a defendant entered into a contract while lacking the intent to perform it are insufficient to state a cause of action for fraud (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318; *Jim Longo, Inc. v Rutigliano,* 251 AD2d 547).

The plaintiff's remaining contentions are without merit. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.