■ DANIEL PERLA ASSOCIATES, Appellant, v KRASDALE FOODS, INC., et al., Respondents, et al., Defendant. [786 NYS2d 75]—

In a consolidated action, inter alia, to recover damages for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered July 23, 2003, which, upon a decision of the same court dated April 23, 2003, made after a nonjury trial, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents, appearing separately and filing separate briefs.

In 1990 the plaintiff loaned a sum of money to Rajna Corp. (hereinafter Rajna), the operator of a grocery store which also owed money to its food supplier, the defendant Krasdale Foods, Inc. (hereinafter Krasdale). By a collateral assignment, Rajna assigned its store lease to the plaintiff and Krasdale. An "Inter-Creditor" agreement between the plaintiff and Krasdale provided, among other things, that if Rajna defaulted or if one of the creditors intended to liquidate Rajna's collateral, it was required to notify the other creditor, who would then be afforded the opportunity to join in any liquidation proceedings. The agreement further provided that the plaintiff would make no further loans to Rajna, nor would it forbear from collecting any amounts due to it. The loan was to be repaid in 1994.

In March 1995 the defendant General Trading Co., Inc. (hereinafter General Trading), replaced Krasdale as Rajna's primary food supplier, and obtained Krasdale's interest in the collateral assignment in exchange for payment of Rajna's debt to Krasdale. Krasdale represented to General Trading that the security interest in Rajna's lease had been terminated, and turned over the original collateral assignment to General Trading's attorney, who, in turn, surrendered the document to Rajna's landlord. The landlord then consented to a new assignment of the lease to General Trading, as collateral for Rajna's obligations to General Trading. Rajna defaulted on the lease, and after a summary nonpayment proceeding, the landlord recovered possession of the store premises. Since the lease had been reassigned to General Trading, the plaintiff was unable to recover the approximately $60,000 unpaid balance of its loan to Rajna.

Contrary to the plaintiff's contention, its agreement with Krasdale to share a security interest in Rajna's lease did not

constitute a joint venture (*see Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317; *Tilden of N.J. v Regency Leasing Sys.,* 230 AD2d 784 [1996]; *Natuzzi v Rabady,* 177 AD2d 620, 622 [1991]; *cf. Ackerman v Landes,* 112 AD2d 1081, 1082-1083 [1985]), and, therefore, did not give rise to a fiduciary duty on Krasdale's part.

The plaintiff's failure to require timely loan payments from Rajna and to notify the landlord of Rajna's repeated defaults were material breaches of the "Inter-Creditor" agreement. As the plaintiff did not comply with the conditions of the agreement, it may not seek to enforce it (*see Grin v 345 E. 56th St. Owners,* 212 AD2d 504 [1995]). The Supreme Court therefore properly determined that Krasdale did not violate any implied covenant of good faith and fair dealing by causing the plaintiff's security interest in Rajna's lease to be extinguished (*see Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581 [1992]). In any event, the plaintiff's loan to Rajna was to be fully repaid in 1994, and the plaintiff did not notify any parties of Rajna's default. Thus, Krasdale was justified in presuming that Rajna's debt to the plaintiff was extinguished before March 1995, when Krasdale turned over the collateral assignment to General Trading. Smith, J.P., Adams, Crane and Skelos, JJ., concur.