■ BLAIR ROCCHIO et al., Respondents, v MARIA BIONDI et al., Appellants. [835 NYS2d 401]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 28, 2005, which, among other things, denied those branches of their motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, third, fourth, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to dismiss the third and fifth causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The plaintiffs alleged that the defendants solicited their services to subdivide and develop property owned by the defendants as adjoining unimproved lots. Pursuant to the terms of an oral agreement, as alleged in the complaint, the plaintiffs and the defendants would divide the profits from the sale of the improved parcels. The plaintiffs alleged that after they worked for years to obtain subdivision approval from the Town of Smithtown, the defendants ceased communicating with them and refused to allow them to develop the property.

The Supreme Court should have granted that branch of the motion which was to dismiss the fifth cause of action for a constructive trust. Generally, a constructive trust may be imposed when property has been acquired "in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]). "In general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be provided: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940 [1980]). Accordingly, a constructive trust will be imposed when an unfulfilled promise to convey an interest in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment (*see Istel v Istel*, 258 AD2d 506, 506-507 [1999]; *Washington v Defense*, 149 AD2d 697, 698 [1989]).

Here, the plaintiffs' allegations do not demonstrate the existence of a confidential or fiduciary relationship. Such a relationship may arise where a bond of trust and confidence exists between the parties and, hence, the defendant must be charged with an obligation not to abuse the trust and confidence placed in him or her by the plaintiff (*see Sharp v Kosmalski*, 40 NY2d 119, 121-122 [1976]). A confidential relationship may arise between parties engaged in a joint venture (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317-318 [1958]; *cf. Daniel Perla Assoc. v Krasdale Foods, Inc.*, 12 AD3d 555, 556-557 [2004]). However, the complaint does not set forth a legally cognizable cause of action based on a joint venture agreement because the plaintiffs do not allege a mutual promise or undertaking to share the burden of the losses of the alleged enterprise (*see Latture v Smith*, 1 AD3d 408, 408-409 [2003]; *Accent Assoc. v Wheatley Constr. Corp.*, 268 AD2d 494 [2000]). A joint venture does not arise simply because two parties have agreed together to act in

concert to achieve some stated economic objective (*see Matter of Steinbeck v Gerosa, supra at* 317).

The Supreme Court also should have granted that branch of the motion which was to dismiss the third cause of action sounding in fraud. A cause of action to recover damages for fraud does not lie where, as here, the only fraud claimed relates to an alleged breach of contract (*see Sokol v Addison*, 293 AD2d 600, 601 [2002]). The plaintiffs' allegation that the defendants entered into the contract while lacking the intent to perform it is insufficient to state a cause of action to recover damages for fraud (*see Place v Ginsburg*, 280 AD2d 656, 657 [2001]).

The defendants' remaining contentions are without merit. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.