GIBRALTAR MANAGEMENT CO., INC., Appellant, v GRAND ENTRANCE GATES, LTD., Also Known as GRAND ENTRACE GATES, LTD., et al., Respondents. [848 NYS2d 684]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 15, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability on the first cause of action insofar as asserted against the defendant Grand Entrance Gates, Ltd., also known as Grand Entrace Gates, Ltd.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action to recover damages for breach of contract and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the defendants' contention and the determination of the Supreme Court, the parties' contract was not one for the sale of goods subject to the four-year statute of limitations of UCC 2-725. Rather, the contract was for the construction of

completely new entrance areas at a facility owned by the plaintiff, involving the fabrication and installation of electronically-operated entrance gates with very specific features, as well as the construction of new stone pillars, a stone wall at the entrance, a pedestrian access opening, a four-inch concrete base, Belgian block banding, and a Belgian block apron and curb. Thus, the contract was predominantly for the performance of labor and for services in connection with the construction of new entrances at the plaintiff's real property, of which the installation of the subject gates was merely a part. The plaintiff's breach of contract cause of action is therefore governed by the six-year statute of limitations set forth in CPLR 213 (2) (*see generally Perlmutter v Beth David Hosp.*, 308 NY 100 [1954]; *Matter of F.W. Woolworth Co. [Ad-Mat, Inc.]*, 177 AD2d 302 [1991]; *Ben Constr. Corp. v Ventre*, 23 AD2d 44 [1965]; *Joseph P. Suchy, Inc. v Stuerzel*, 82 Misc 2d 40 [1975]) and is not time-barred.

While the cause of action to recover damages for breach of contract is not time-barred, we find unpersuasive the plaintiff's contention that summary judgment should have been awarded in its favor and against the defendant Grand Entrance Gates, Ltd., also known as Grand Entrace Gates, Ltd., on that cause of action. Although the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating, through the affidavit of an architect, that testing revealed that certain samples of wood taken from the materials installed at its facility were pine, rather than the mahogany or redwood required by the contract (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), the defendants, in opposition, raised triable issues of fact on the basis of the affidavit of the defendant Donald Gore, who stated that the composition of the gates conformed to the contract requirements, and that the plaintiff had refused the defendants and their experts access to the subject premises for the purpose of examining and analyzing the gates.

The Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's second cause of action to recover for unjust enrichment pursuant to a quasi-contract theory. The defendants established their entitlement to judgment as a matter of law with respect to this cause of action by demonstrating that such a recovery is precluded by the existence of the parties' valid and enforceable written contract covering the same subject matter (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561 [2005]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987];

*Erdheim v Matkins*, 259 AD2d 515 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact. Similarly, the defendants established their entitlement to judgment as a matter of law with respect to the third cause of action, sounding in fraud, by demonstrating that the third cause of action did not allege the violation of a legal duty independent of the contract itself (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987]; *Del Ponte v 1910-12 Ave. U. Realty Corp.*, 7 AD3d 562 [2004]; *Roklina v Skidmore Coll.*, 268 AD2d 765, 766-767 [2000]), and that this cause of action was not sufficiently distinct from the breach of contract cause of action to constitute a separate cause of action (*see Kestenbaum v Suroff*, 268 AD2d 560, 561 [2000]; *Rubinberg v Correia Designs*, 262 AD2d 474, 475 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact.

The defendants' remaining contentions either are without merit or are more properly pursued in the Supreme Court. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.