■ JAMES McGEE et al., Appellants, v J. DUNN CONSTRUCTION CORP. et al., Respondents. [864 NYS2d 553]—In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated September 24, 2007, as denied those branches of their motion which were to dismiss the defendants' first and second counterclaims pursuant to CPLR 3211 (a) (5) and so much of the third counterclaim as sought compensatory damages pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to dismiss so much of the third counterclaim as sought compensatory damages pursuant to CPLR 3211 (a) (7), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly concluded that the determination of the Justice Court was not entitled to res judicata effect (*see* UJCA 1808; *Katzab v Chaudhry,* 48 AD3d 428 [2008]). However, the Supreme Court should have granted that branch of the plaintiffs' motion which was to dismiss so much of the defendants' third counterclaim as sought compensatory damages pursuant to CPLR 3211 (a) (7). A cause of action to recover damages for fraud does not lie where the only fraud claimed relates to an alleged breach of contract (*see Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.,* 46 AD3d 747, 749 [2007]). A general allegation that the opposing party entered into the contract while lacking the intent to perform is insufficient to state a cause of action to recover damages for fraud (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318 [1995]; *Rocchio v Biondi,* 40 AD3d 615, 617 [2007]; *Place v Ginsburg,*

280 AD2d 656, 657 [2001]). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.