FRANK J. STANGEL, Individually and as Executor of CATHERINE STANGEL, Deceased, Appellant, v ZHI DAN CHEN et al., Respondents, et al., Defendants. [903 NYS2d 110]—

In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated August 18, 2008, as granted those branches of the motion of the defendants Louis Cardenas and Re/Max Universal, Inc., and those branches of the separate motion of the defendant Xian Feng Zou which were pursuant to CPLR 3211 to dismiss the first, second, third, fourth, sixth, seventh, eighth, ninth, and nineteenth causes of action insofar as asserted against them, (2) as limited by his brief, from so much of an order of the same court dated April 29, 2009, as granted those branches of the motion of the defendants Zhi Dan Chen and Yuen Liang which were for summary judgment dismissing the first, second, third, fourth, sixth, seventh, eighth, ninth, eighteenth, and nineteenth causes of action insofar as asserted against them, and (3) from an order of the same court (Mayersohn, J.), dated May 14, 2009, which denied their motion, in effect, for a preliminary injunction restraining the defendants Zhi Dan Chen and Yen Liang from, inter alia, encumbering or selling the subject property during the pendency of the action and granted the cross motion of the defendants Zhi Dan Chen and Yen Liang to cancel a notice of pendency.

Ordered that the orders dated August 18, 2008, and April 29, 2009, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 14, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Louis Cardenas and Re/Max Universal, Inc., the defendant Xian Feng Zou, and the defendants Zhi Dan Chen and Yen Liang, appearing separately and filing separate briefs, payable by the plaintiff.

This action arises from the sale of residential real property by the plaintiff Frank J. Stangel, acting in his capacity as executor of the estate of his deceased mother, to the defendants Zhi Dan Chen and Yuen Liang. The contract of sale included a rider that prohibited the demolition of the house located on the property (hereinafter the "no demolition" clause). After closing, Chen and Liang allegedly violated the "no demolition" clause. Stangel, in his individual and representative capacities, commenced this action against, in relevant part, Chen and Liang; the defendant Xian Feng Zou, who was the attorney representing Chen and Liang at the closing; and Louis Cardenas and Re/Max Universal, Inc. (hereinafter together the Remax defendants), who were the plaintiff's real estate agents. The plaintiff asserted, among others, causes of action alleging fraud, breach of contract, and intentional infliction of emotional distress based primarily upon allegations that Chen and Liang fraudulently induced him into entering the contract of sale by misrepresenting that they would comply with the "no demolition" clause, and that the other defendants colluded with Chen and Liang in their fraudulent scheme to induce him to enter into the contract of sale. Punitive damages were also sought.

The Remax defendants and Zou separately moved to dismiss the complaint insofar as asserted against them for failure to state a cause of action. In an order dated August 18, 2008, the Supreme Court granted, inter alia, those branches of the Remax defendants' motion which were to dismiss the fraud causes of action, the cause of action alleging intentional infliction of emotional distress, and the claims for punitive damages as to them. The Supreme Court also granted Zou's motion and dismissed the entire complaint insofar as asserted against him. Thereafter, the defendants Chen and Liang, in effect, moved to dismiss the causes of action alleging fraud and intentional infliction of emotional distress for failure to state a cause of action and for summary judgment dismissing the remaining causes of action of the complaint insofar as asserted against them. In an order dated April 29, 2009, the Supreme Court granted, inter

alia, those branches of their motion which were to dismiss the fraud causes of actions, the intentional infliction of emotional distress cause of action, and the claims for punitive damages and rescission.

The plaintiff also moved for injunctive relief to, inter alia, restrain the sale of the property by Chen and Liang during the pendency of this action. Chen and Liang cross-moved to cancel the notice of pendency on the property. In an order dated May 14, 2009, the Supreme Court denied the plaintiff's motion and granted Chen and Liang's cross motion.

Contrary to the plaintiff's contentions, the Supreme Court properly dismissed the causes of action alleging fraud, fraudulent inducement, fraudulent misrepresentation, and conspiracy to commit fraud asserted against the Remax defendants, Zou, and Chen and Liang. In this regard, "[a] cause of action to recover damages for fraud does not lie where the only fraud claimed relates to an alleged breach of contract" (*McGee v J. Dunn Constr. Corp.*, 54 AD3d 1010, 1010 [2008]; *see Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.*, 46 AD3d 747, 749 [2007]). Moreover, a general allegation that a party entered into the contract while lacking the intent to perform is insufficient to state a cause of action to recover damages for fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *McGee v J. Dunn Constr. Corp.*, 54 AD3d at 1010; *Rocchio v Biondi*, 40 AD3d 615, 616 [2007]).

Here, the plaintiff's fraud causes of action are premised upon the general allegations that Chen and Liang did not intend to honor the "no demolition" clause and that the Remax defendants and Zou concealed and/or misrepresented Chen and Liang's intent to comply with this clause of the contract of sale. The alleged misrepresentation by Chen and Liang is not collateral or extraneous to the contract of sale, but is about their obligation to comply with a provision of the contract of sale itself. Consequently, the fraud causes of action asserted against Chen and Liang and the cause of action seeking rescission of the contract of sale based upon fraud in the inducement were properly dismissed (*see McGee v J. Dunn Constr. Corp.*, 54 AD3d at 1010; *Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.*, 46 AD3d at 749; *Rocchio v Biondi*, 40 AD3d at 616).

Additionally, the fraud causes of action asserted against the Remax defendants and Zou, which are also predicated upon Chen and Liang's alleged undisclosed intent to breach the "no demolition" clause, were also properly dismissed. In this regard, Chen and Liang's alleged intention to violate this provision of the contract of sale is a matter completely beyond the control of

the Remax defendants and Zou, and the misrepresentation allegedly relied upon is not a material fact or a matter within the peculiar knowledge of these defendants (*see F.A.S.A. Constr. Corp. v Degenshein*, 47 AD3d 877, 879 [2008]; *Lane v McCallion*, 166 AD2d 688, 690 [1990]).

The Supreme Court also properly dismissed the purported causes of action seeking to recover punitive damages for fraud, fraudulent inducement, fraudulent misrepresentation, and conspiracy to commit fraud. New York does not recognize an independent cause of action for punitive damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]). In light of the dismissal of the underlying fraud causes of action, the plaintiff's demand for punitive damages cannot, in any event, be sustained. Moreover, the plaintiff's allegations against the Remax defendants, Zou, and Chen and Liang, assuming their truth, were insufficient, as they amounted to ordinary allegations of fraud and breach of contract (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d at 613; *Tartaro v Allstate Indem. Co.*, 56 AD3d 758, 758 [2008]; *Kelly v Defoe Corp.*, 223 AD2d 529, 529-530 [1996]; *Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d 214, 215 [1994]).

The plaintiffs failed to allege the required extreme and outrageous conduct on the part of the respondents which could cause intentional infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]). Consequently, the Supreme Court properly dismissed the cause of action alleging intentional infliction of emotional distress asserted against the respondents.

As the Supreme Court correctly determined, the plaintiff's motion to enjoin Chen and Liang from, inter alia, encumbering or selling the property was, in effect, a motion for a preliminary injunction. Therefore, the plaintiff was required to establish a likelihood of success on the merits, irreparable injury in the absence of an injunction, and a balance of the equities in his favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Dav-El Servs., Inc. v Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 21 AD3d 928 [2005]). The plaintiff failed to establish a likelihood of success on the merits since the fraud causes of action and the cause of action seeking rescission of the contract based upon the alleged fraud were properly dismissed. The only surviving cause of action asserted against Chen and Liang was to recover damages for breach of contract. The plaintiff also failed to demonstrate irreparable injury since he did not establish that monetary damages would be inadequate

compensation for his remaining breach of contract cause of action against Chen and Liang (*see Etzion v Etzion*, 62 AD3d 646, 655 [2009]; *Leo v Levi*, 304 AD2d 621, 623 [2003]; *Betesh v Jemal*, 209 AD2d 568, 569 [1994]).

Contrary to the plaintiff's contentions, the Supreme Court also properly granted Chen and Liang's cross motion to cancel the notice of pendency. In this regard, CPLR 6501 provides that "[a] notice of pendency may be filed in any action . . . in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." Here, 19 out of the 20 causes of action originally asserted by the plaintiffs sought money damages. The only cause of action which could have affected title to the property, the cause of action seeking rescission of the contract, was dismissed in the order dated April 29, 2009. Accordingly, there was no longer any basis to warrant the notice of pendency (*see* CPLR 6501; *Shkolnik v Krutoy*, 32 AD3d 536, 537 [2006]; *Distinctive Custom Homes Bldg. Corp. v Esteves*, 12 AD3d 559, 559 [2004]).

We decline Zou's request for the imposition of sanctions as neither the plaintiff nor his counsel engaged in sanctionable conduct (*see* 22 NYCRR 130-1.1 [c]; *Alter v Levine*, 57 AD3d 923, 925 [2008]; *Arciniega v Arciniega*, 48 AD3d 607, 607 [2008]). To the extent that Zou seeks review of the denial of that branch of his motion which was for the imposition of sanctions in the Supreme Court, Zou did not cross-appeal from that part of the order dated August 18, 2008, so the issue is not properly before us. Skelos, J.P., Florio, Hall and Austin, JJ., concur.