■ MERRIMACK MUTUAL FIRE INSURANCE COMPANY, as Subrogee of David Karson and Another, Appellant, v ALAN FELDMAN PLUMBING & HEATING CORP., Respondent. [961 NYS2d 183]—

In an action to recover for damage to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered September 7, 2011, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint based on the doctrine of res judicata.

Ordered that the order is affirmed, with costs.

In 2009, David Karson commenced a small claims action in the District Court, Suffolk County, to recover for property damage to his home that allegedly resulted from negligent plumbing work performed by the defendant. After a trial, the District Court dismissed the action on the ground that Karson failed to meet his burden of proving that the defendant acted negligently. Subsequently, the plaintiff insurance company commenced this action against the defendant in the Supreme Court, alleging that it had paid Karson and his wife (hereinafter together the Karsons) the sum of $29,907.15 in connection with their claim under an insurance policy for the subject property damage, and that the defendant was liable to the plaintiff as subrogee of the Karsons for that property damage.

The Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint based on the doctrine of res judicata (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). While Uniform District Court Act § 1808, as amended in 2005, provides that a small claims judgment "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court," the Legislative history for the 2005 amendment clearly indicates that this language refers to "issue preclusion," as opposed to "claim preclusion," and that the Legislature did not intend for a plaintiff who loses a small claims action to be able sue again on the same claim (*see* Mem of Assembly Sponsor, Bill Jacket, L 2005, ch 443 at 3; *see also Gerstman v Fountain Terrace Owners Corp.*, 31 Misc 3d 148[A], 2011 NY Slip Op 50988[U] [2011]; *Chorekchan v Forman*, 18 Misc 3d 127[A], 2007 NY Slip Op 52362[U] [2007]; *cf. McGee v J. Dunn Constr. Corp.*, 54 AD3d 1010 [2008]; *Katzab v Chaudhry*, 48 AD3d 428 [2008]). We note

that our decisions in *Katzab v Chaudhry* (48 AD3d 428 [2008]) and *McGee v J. Dunn Constr. Corp.* (54 AD3d 1010 [2008]) are not to the contrary, as the claims in those cases were not the same as the ones previously asserted in small claims actions. Here, the plaintiff insurance company's claim to recover for property damage to the Karsons' home allegedly caused by the defendant's negligence is the same as the claim brought by its subrogee David Karson in the District Court, which was dismissed after trial. Since the Karsons would be barred by the doctrine of res judicata from asserting the claim, the claim of the plaintiff, as subrogee of the Karsons, is similarly barred (*see Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207, 1209 [2011]). Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.