Avi Hameroff, Respondent,
against
Priya Swaminathan, Appellant.




Priya Swaminathan, appellant pro se.
Law Office of Barry S. Schwartz, Esq. (Barry S. Schwartz of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Mary V. Rosado, J.), entered March 10, 2017. The order denied defendant's motion to dismiss the complaint.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking to dismiss the first, second, third and fourth causes of action to the extent that they are predicated on the requirement in paragraph five of the lease that defendant will provide air conditioning services, and the branch of the motion seeking to dismiss the sixth cause of action to the extent that it is predicated on a claim that defendant misrepresented that the apartment had sufficient air conditioning are granted; as so modified, the order is affirmed, without costs.
Plaintiff rented from defendant a condominium unit in a building located near the Brooklyn-Queens Expressway pursuant to a one-year lease commencing March 1, 2016. Pursuant to the lease, defendant was to provide services such as heat, hot and cold water and "cooling if air conditioning is installed." It is undisputed that a central air conditioning unit had been installed. The lease has several clauses related to defendant's and plaintiff's obligations in the event that services are interrupted or stopped. In this action, plaintiff seeks to recover upon causes of action for breach of contract, breach of the lease, constructive eviction, breach of the covenant of quiet enjoyment, breach of the warranty of habitability, misrepresentation and attorney's fees.[FN1]
The [*2]complaint alleges, among other things, that there is no working central air conditioning in the apartment, and that there had been an "illegal modification" of the apartment in violation of the New York City Building Code and regulations by construction of a wall separating the living and dining rooms in order to create a second bedroom without adequate light, air, egress, or fire safety. 

Defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (1), based on the submission of documentary evidence, including the lease and a large number of emails and other material, and, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. The Civil Court denied defendant's motion.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996 [2010]; Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]). In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable (see Granada Condominium III Assn., 78 AD3d at 996-997).

A valid lease may qualify as documentary evidence within the meaning of CPLR 3211 (a) (1) (see Sunset Cafe, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707, 709 [2013]). " '[L]ease interpretation is subject to the same rules of construction as are applicable to other agreements' " (Avon Bard Co. v Aquarian Found., 260 AD2d 207, 208 [1999], quoting Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 234 [1983], affd 61 NY2d 976 [1984]). Paragraph five of the lease requires defendant to provide cooling if air conditioning was installed, but also states that "[s]topping or reducing the service(s) will not be reason for Tenant to stop paying rent, to make a money claim or to claim eviction." Pursuant to this language, plaintiff has agreed not to bring an action to recover money damages based on a violation of paragraph five of the lease. Consequently, the branches of defendant's motion seeking to dismiss the causes of action for breach of contract, breach of the lease, constructive eviction, and breach of the covenant of quiet enjoyment to the extent that they are predicated on paragraph five of the lease should have been granted.

However, the warranty of habitability is not waivable (see Real Property Law § 235-b [2]; see also Park W. Mgt. Corp. v Mitchell,47 NY2d 316, 327 [1979]; Vanderhoff v Casler, 91 AD2d 49 [1983]; Windy Acres Farm, Inc. v Penepent, 40 Misc 3d 63, 65-66 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, the Civil Court properly declined to dismiss the cause of action alleging a breach thereof. 

Section 301 of the Multiple Dwelling Law requires that every multiple dwelling have a certificate that "said dwelling conforms in all respects to the requirements of this chapter, to the building code and rules and to all other applicable law." Multiple Dwelling Law section 302 provides that no rent shall be recovered by the owner of "any dwelling or structure . . . occupied in whole or in part for human habitation in violation of section three hundred one" (see Matter of [*3]49 Bleecker, Inc. v Gatien, 157 AD3d 619 [2018]). Here, since plaintiff has asserted that the apartment lacked a proper certificate of occupancy, defendant's claim that plaintiff is barred from asserting the causes of action for constructive eviction and breach of the covenant of quiet enjoyment by virtue of his alleged failure to pay added rent (see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117 [1958]; Dance Magic, Inc. v Pike Realty, Inc., 85 AD3d 1083 [2011]; Balzano v Lublin, 162 AD2d 252 [1990]) lacks merit, as, if plaintiff's claim is true, no rent would be owed.

Defendant contends that, with respect to the alleged illegal wall, plaintiff has failed to plead fraud with the required specificity. "Generally, in a claim for fraudulent misrepresentation, a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury' " (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011], quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). A cause of action based on fraud "requires only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of" (Lanzi v Brooks, 43 NY2d 778, 780 [1977]; see CPLR 3016 [b]).

A review of the complaint shows that it alleges all of the elements of plaintiff's claim in "sufficient detail to clearly inform" defendant about the "incidents" complained of. Landlord explicitly represented in the lease that "the Apartment . . . [is] fit for human living and there is no condition dangerous to health, life or safety." Defendant's contention that publicly available information made plaintiff's reliance on defendant's representations in the lease unreasonable raises, at best, an issue of fact.

Defendant additionally contends that plaintiff's misrepresentation claim insofar as it relates to the lack of air conditioning should be dismissed on the ground, among others, that it duplicates the breach of contract claim. Plaintiff does not dispute this claim on appeal. A cause of action to recover damages for fraud or misrepresentation does not lie where the only claim relates to an alleged breach of contract (see McGee v J. Dunn Constr. Corp., 54 AD3d 1010, 1010 [2008]; Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd., 46 AD3d 747, 749 [2007]). Consequently, so much of the misrepresentation cause of action as relates to the lack of air conditioning must be dismissed.

Finally, defendant argues that plaintiff and his attorney should have been sanctioned by the Civil Court. The question of whether sanctions should be imposed against a party is addressed to the sound discretion of the court (see 25-16 18th St., LLC v Buvis, 46 Misc 3d 137[A], 2015 NY Slip Op 50067[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Upon a review of the record, we find that the Civil Court did not improvidently exercise its discretion in denying defendant's request for the imposition of sanctions (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1).

Accordingly, the order is modified by providing that the branches of defendant's motion seeking to dismiss the first, second, third and fourth causes of action to the extent that they are predicated on the requirement in paragraph five of the lease that defendant will provide air conditioning services, and the branch of the motion seeking to dismiss the sixth cause of action to the extent that it is predicated on a claim that defendant misrepresented that the apartment had [*4]sufficient air conditioning are granted.

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 31, 2019



Footnotes

Footnote 1:While some of these causes of action may be duplicative, that issue has not been presented on this appeal except with respect to the sixth cause of action, for misrepresentation, as discussed below.